**COASTAL BANK SSB, Appellant,**

v.

**G.T. HELLE, Jr. and Wife,
Lisa Helle, Appellees.**

No. 13–97–487–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 20, 1997.

Rehearing Overruled Jan. 15, 1998.

Publication Ordered March 11, 1999.

James D. Brissee, Badger & Garner, Sugar Land, for Appellant.

Tom Wilkins, Wilkins & Slusher, McAllen, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and CHAVEZ.

**OPINION**

PER CURIAM.

Appellant, Coastal Banc SSB, attempted to perfect an appeal from a judgment entered by the County Court at Law No. 1 of Hidalgo County, Texas, in cause number CL–25,796–A. The transcript was received on August 27, 1997.

Upon inspection of the transcript, this Court questioned the finality of the judgment since although a notice of non-suit appeared in the record, there was no order granting same. Additionally, this Court gave notice that it appeared that the certificate of cash deposit in lieu of bond and the transcript were not timely filed as required by Tex. R.App. P. 41(a) and 54(a). Appellant was given notice of these defects so that steps could be taken to correct the defects, if it could be done. Appellant was advised that, if the defects were not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed.

The appellees have filed a motion to dismiss the appeal for appellant's failure to timely perfect its appeal and for appellant's failure to include a copy of the petition for writ of error in the transcript. The appellant has filed a motion to retain prematurely filed appeal. In its motion the appellant requests this Court to retain the appeal until December 1, 1997, to allow the trial court time to dismiss the other four defendants. Appellant also requests that this Court treat the petition for writ of error filed on July 14, 1997, as a notice of appeal under Tex.R.App. P. 25.1.

The default judgment in this cause was signed on January 14, 1997. Upon further review of the record, we find that, pursuant to Tex.R. Civ. P. 162, the notice of non-suit as to the remaining defendants properly disposed of these defendants, and the judgment entered on January 14, 1997, is a final judgment. Tex.R.App. P. 45(d) provides that a writ of error, in cases where the same is allowed, may be sued out at any time within six months after the final judgment. Rule 45(e) provides that at the time of filing the petition, or within six months provided by paragraph (d), the appellant shall file with the clerk the bond or cash deposit in lieu of bond. The petition for writ of error in this matter was timely filed on July 14, 1997; however, appellant failed to file the cash deposit in lieu of bond within the time provided in Tex.R.App. P. 45(e). The cash de-

**2**

posit was due to be filed by July 14, 1997, but was not filed until July 30, 1997.

The Court, having considered the motions and the documents on file and appellant's failure to timely perfect its appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. The appellees' motion to dismiss the appeal is granted. The appellant's motion to retain prematurely filed appeal is denied, and appellant's motion for extension of time to file brief is dismissed. The appeal is hereby DISMISSED FOR WANT OF JURISDICTION.