**COASTAL BANC SSB, Petitioner,**

v.

**G.T. HELLE, Jr. and Lisa Helle, Respondents**

No. 98–0175.

Supreme Court of Texas.

March 11, 1999.

James D. Brissee, Sugar Land, for Petitioner.

Thomas W. Wilkins, McAllen, for Respondents.

PER CURIAM.

The court of appeals dismissed Coastal Bancs appeal for want of jurisdiction, holding that Coastal failed to timely file its cash deposit in lieu of bond within the time provided in Texas Rule of Appellate Procedure 45(e).[1] 989 S.W.2d 1. Coastal challenges that holding, claiming that the appeal was properly perfected because uncontroverted evidence demonstrates that the certificate of cash deposit was timely filed. We agree and reverse the court of appeals judgment and remand the case to that court for consideration of the remaining issues.

The underlying suit concerns a dispute over the amount owed on a mortgage loan. G.T. Helle, Jr. and Lisa Helle filed a declaratory judgment action against CBS Mortgage Corporation in Hidalgo County Court. The Helles later amended their petition to add Coastal Banc ssb and other defendants. On January 14, 1997, the trial judge signed a Final Judgment by Default that addressed only the amount due to Coastal under the mortgage loan; it did not address any other parties and contained no Mother Hubbard clause. Later that same day, the Helles filed a notice of nonsuit against all parties other than Coastal. The trial court did not issue an order granting the nonsuit.

Coastal appealed the default judgment and filed its petition for writ of error, a certificate of cash deposit in lieu of bond, a $1000 cashiers check, and several other pleadings with the Hidalgo County Clerks office. The clerks office file-stamped the petition for writ of error and other pleadings on July 14, 1997, but did not file-stamp the certificate of cash deposit until July 30, 1997. The reason for this discrepancy is unknown. On August 27, 1997, the court of appeals sent Coastal a notice of dismissal due to the interlocutory nature of the judgment and, alternatively, due to the fact that the certificate of cash deposit was file-stamped after the July 14 deadline for filing the petition for writ of error.

In response to the court of appeals notice of dismissal, Coastal submitted uncontroverted evidence that the certificate of cash deposit was actually received by the clerk on or before the July 14, 1997 deadline. The evidence included affidavits from Coastals counsel and the Hidalgo County clerk who received the petition, as well as copies of the shipping receipt and the cashiers check for $1000. On November 5, 1997, the trial court entered a Final Judgment Nunc Pro Tunc, dismissing the remaining defendants. The order was signed on November 5, 1997, but stated that it was effective January 14, 1997. On November 20, 1997, the court of appeals dismissed Coastals appeal after concluding that the default judgment was final on January 14, 1997, and that the certificate of deposit was filed on July 30, 1997, nearly two weeks after the July 14, 1997 deadline. Coastal filed a motion for rehearing asserting that the judgment was not final on January 14, and, alternatively, if the January 14 default judgment was final, its deposit was timely filed based on the uncontroverted evidence submitted. The court of appeals overruled Coastals motion for rehearing. Assuming without deciding that the trial courts judgment was final on January 14, the court of appeals erred in concluding that the cashiers check was untimely filed and dismissing the appeal.

---

1. *See* Tex.R.App. P. 45(e) (repealed Sept. 1, 1997). Rule 45s writ of error procedure has been replaced by the restricted appeal. *See* Tex.R.App. P.

30. Bond is not a specific requirement for a restricted appeal. *See id.*

We have jurisdiction to determine whether the facts in the uncontroverted affidavits are sufficient to confer jurisdiction on the court of appeals. *Davies v. Massey*, 561 S.W.2d 799, 801 (Tex.1978); *see also* TEX. GOVT CODE § 22.220(c) (Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction.). When a dispute arises as to the filing date of an instrument essential to a courts appellate jurisdiction, the date the instrument is tendered to the clerk controls, and not the file-stamp date. *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex.1993). The uncontroverted affidavits of the court clerk and Coastals counsel, as well as the shipping receipt submitted by Coastal, demonstrate that Coastals certificate of cash deposit in lieu of bond was timely delivered to the clerk on or before the July 14 deadline. Accordingly, we reverse the judgment of the court of appeals, and remand this case to the court of appeals for consideration of the remaining issues.