**COASTAL BANC SSB, Appellant,**

v.

**G.T. HELLE, Jr. and Wife, Lisa Helle, Appellees.**

No. 13–97–487–CV.

Court of Appeals of Texas, Corpus Christi.

May 17, 2001.

Rehearing Overruled July 5, 2001.

Bruce Michael Badger, Law Office of Bruce M. Badger, Rosenberg, James D. Brissee, Badger & Garner, Sugar Land, Matt E. Rubin, Houston, for Appellant.

Tom Wilkins, Law Office of Tom Wilkins, McAllen, for Appellees.

Before: Justices DORSEY, RODRIGUEZ, and SEERDEN [1].

## OPINION

RODRIGUEZ, Justice.

This is an appeal from a declaratory judgment arising from a dispute over a balance owed by appellees, G.T. Helle, Jr., and Lisa Helle, on a promissory note held by appellant, Coastal Banc, SSB (Coastal). Because we conclude Coastal was entitled to notice of the default judgment hearing, we reverse and remand.

After the trial court entered two ex parte temporary restraining orders enjoining foreclosure against the real property securing the note, a temporary injunction hearing was held. Coastal entered an appearance at the hearing, although it had filed no answer.[2] The parties agreed to proceed to mediation. Coastal Banc also agreed to refrain from further foreclosure efforts, pending mediation.

Furthermore, the order denying Coastal's motion for new trial expressly recites that "Attorney Bruce Badger made a voluntary appearance for defendant Coastal Banc, [ssb], in this proceeding and entered into an agreement regarding mediation on behalf of defendant Coastal Banc, [ssb], in open court on December 11, 1996;" "Defendant Coastal Banc, [ssb], admits in its Motion for New Trial that attorney Bruce Badger entered an appearance for it in open court on December 11, 1996;" and "Defendant Coastal Banc, [ssb], having entered a voluntary appearance in this proceeding had not filed an Answer as of January 14, 1997." *See Serna v. Webster,* 908 S.W.2d 487, 489 n. 1 (Tex.App.—San Antonio 1995, no writ) (when judgment recites that a particular party appeared, the recital is presumed true). Accordingly, we conclude it is undisputed that counsel for Coastal entered an appearance on December 11, 1996.

---

1. Retired Chief Justice Robert J. Seerden assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann § 74.003 (Vernon 1998).

2. In their statement of the case the Helles state that *Coastal was not represented by* counsel at the December 11 hearing. However, on February 26, 1997, at the hearing on Coastal's motion for new trial, counsel for the Helles acknowledged Coastal's appearance in the case when he stated, "I think—and to answer your question [regarding Coastal's appearance], if he says that he entered an appearance for Coastal Banc, SSB on the 11th, I—I don't dispute that, so I will go ahead and accept that. That he did enter an appearance for them on the 11th." Coastal's statement of facts contains this quotation. It is not challenged by the Helles. We may accept the statements in the brief as true if the other party does not dispute them. *See* Tex.R.App.P. 38.1(f).

On January 14, 1997, prior to mediation, the Helles sought and obtained a default judgment declaring that the amount due and owing on the note was $43,932.85 and that upon payment of that amount to Coastal the note would be paid in full. At this hearing, the trial court orally granted Helles' motion for nonsuit of the remaining defendants. However, no dismissal order was signed. The default judgment also failed to dispose of the nonsuited defendants.

Coastal was not served with a written motion for default judgment, nor was Coastal given notice of the January 14 hearing. On March 27, 1997, the trial court denied Coastal's timely filed motion for new trial requesting that the default judgment be set aside. On July 14, 1997, Coastal perfected an appeal by writ of error to this Court.[3] Thereafter, on November 5, 1997, the trial court signed a written order, styled "Final Judgment by Default Entered Nunc Pro Tunc." The language of this judgment mirrored the first default judgment except for the addition of two paragraphs dismissing the remaining defendants. In response, Coastal perfected a direct appeal from the "nunc pro tunc" default judgment.[4] Subsequently, the two appeals were consolidated and are presently before this Court.

Coastal presents four issues for our review. The first issue addresses whether the January 14 default judgment or the November 5 "nunc pro tunc" default judgment is the final judgment in this case. The resolution of this issue, in turn, will determine whether this Court has jurisdiction of this case as a restricted appeal from the first judgment or as a direct appeal from the second. By issues two, three and four, Coastal contends (1) it was denied due process; (2) the default judgment was void because of invalid service of process; and (3) its failure to answer was the result of an accident or mistake.

By its first issue, Coastal contends the January 14 judgment was not final because it did not dispose of all parties. Coastal urges that the second judgment is the final judgment and that our review should be of its timely filed direct appeal from that judgment. The Helles argue the January 14 judgment was final because all other parties were properly dismissed by their notice of non-suit filed on the same day, thus our review is of a restricted appeal.

As a general rule, an appeal may be taken only from a final judgment. See *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 194 (Tex.2001). A judgment is final for purposes of appeal if it disposes of all parties and claims in the record, except as necessary to carry out the decree. See *id.*; *In re Bro Bro Properties, Inc.*, 50 S.W.3d 528, ——, 2000 Tex.App. LEXIS 8418, *4 (Tex.App.—San Antonio Dec.20, 2000)

3. As of September 1, 1997, former Texas Rule of Appellate Procedure 45 was repealed and replaced by rule 30. See Tex.R.App.P. 30. Under the new rule, a "restricted appeal" replaces the former writ of error. With the exception of certain procedural differences not relevant here, the new rule is the same. Because Coastal perfected its appeal by writ of error before September 1, 1997, we will refer to this appeal as a writ of error.

4. On November 20, 1997, this Court dismissed Coastal's appeal for want of jurisdiction on the grounds that the writ of error had not been timely perfected. See *Coastal Ban[c] SSB v. Helle*, 989 S.W.2d 1, 1 (Tex.App.—Corpus Christi 1997) *rev'd & remanded*, 988 S.W.2d 214, 216 (Tex.1999). On appeal to the Texas Supreme Court, however, the case was reversed and remanded to this court after the supreme court concluded Coastal's certificate of cash deposit in lieu of bond was timely delivered. See *Coastal Banc*, 988 S.W.2d at 216. It is this writ of error appeal, consolidated with Coastal's direct appeal, that we now review.

(orig.proceeding). Like a summary judgment, a default judgment is not presumed to be final. *See Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986); *In re Bro Bro Properties,* at ——, 2000 WL 1877117, at *1, 2000 Tex.App. LEXIS 8418, at *4.

■ "When a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have such unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable runs from the *signing* of a judgment or order disposing of those claims or parties." *Farmer v.. Ben E. Keith Co.,* 907 S.W.2d 495, 496 (Tex.1995) (emphasis added) (citations omitted); *see* Tex.R.App.Pro. 26.1; *Zimmerman v. Ottis,* 941 S.W.2d 259, 262 (Tex.App.—Corpus Christi 1996, no writ).

■ We note that on the day the default judgment was granted, the Helles filed, and the trial court orally nonsuited, the remaining parties in the case. However, a judgment dismissing those parties was not entered until November 5, 1997, when the "nunc pro tunc" default judgment was signed. We conclude, therefore, the default judgment granted on January 14, 1997, was not final but rather interlocutory in nature.[5] The November 5 judgment is the only signed order that disposes of Helles' nonsuited parties. Therefore, the default judgment became a final appealable judgment on November 5, 1997, when the trial court signed the "nunc pro tunc" judgment and granted the Helles' motion for nonsuit of the remaining defendants. The appellate timetable began to run with the signing of the November 5 judgment.

Coastal's appeal was timely perfected on December 4, 1997. Accordingly, we have jurisdiction of this case as a direct appeal. Coastal's first issue is sustained.

By its second issue, Coastal addresses the trial court's denial of its motion for new trial. Coastal filed a motion and supplemental motion for new trial wherein Coastal argued that, *inter alia,* it was entitled to a new trial because it had appeared in the case and due process entitled it to notice of the trial setting. Coastal urged that all *Craddock* requirements had been met. *See Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.1939). The trial court denied appellant's motion.

■ As the trial court has wide discretion in denying a motion for new trial, we will not disturb its ruling absent a showing of an abuse of discretion. *See Director, State Employees Workers' Compensation Div. v. Evans,* 889 S.W.2d 266, 268 (Tex.1994); *Balogh v. Ramos,* 978 S.W.2d 696, 698 (Tex.App.—Corpus Christi 1998, pet. denied), *cert denied,* 528 U.S. 822, 120 S.Ct. 66, 145 L.Ed.2d 57 (1999). A trial court abuses its discretion when it acts arbitrarily and without reference to guiding rules and principles. *See Bradford v. Bradford,* 971 S.W.2d 595, 597 (Tex.App.—Dallas 1998, no writ) (citation omitted). In making this determination, we are guided by *Craddock*'s three-part test:

(1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident, (2) provided the motion for

---

5. In our original opinion, *Coastal Ban[c] SSB v. Helle,* 989 S.W.2d 1, 1 (Tex.App.—Corpus Christi 1997) *rev'd & remanded,* 988 S.W.2d 214, 216 (Tex.1999), we found that "the notice of nonsuit as to the remaining defendants properly disposed of these defendants, and the judgment entered on January 14, 1997, is a final judgment." *See id.* Today, we overrule that finding.

a new trial sets up a meritorious defense, and (3) is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock*, 133 S.W.2d at 126.

 A defendant who has appeared in a case is entitled to notice of a trial setting as a matter of due process. *See LBL Oil Co. v. International Power Serv., Inc.*, 777 S.W.2d 390, 390–91 (Tex.1989) (citing *Peralta v. Heights Medical Ctr., Inc.*, 485 U.S. 80, 85–86, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988)). A default judgment hearing is a trial setting as it is dispositive of the case. *See LBL Oil*, 777 S.W.2d at 390–91. When a trial court fails to comply with the rules of notice, a party is deprived of his constitutional right to be present at the hearing, to voice his objections in an appropriate manner, and results in a violation of fundamental due process. *See Delgado v. Hernandez*, 951 S.W.2d 97, 99 (Tex.App.—Corpus Christi 1997, no writ).

 Here, the record indicates that the Helles judicially admitted, and the trial court found, that Coastal voluntarily entered an appearance in the case on December 11, 1996. It is undisputed that neither the Helles nor the trial court provided Coastal with notice of the Helles' motion for default judgment or the January 14 hearing date. A default judgment cannot be sustained where no notice of the default judgment hearing was given to a defendant who has appeared. *See Matsushita Electric Corp. of America v. McAllen Copy Data, Inc.*, 815 S.W.2d 850, 853 (Tex.

App.—Corpus Christi 1991, writ denied) (default judgment reversed against defendant who had appeared but not answered, where no notice of hearing given to defendant or its counsel of record). "When a party has made an appearance through counsel the rules provide that notice of all hearings must be provided. A defendant who does not receive notice of a default judgment proceeding is deprived of due process." *Id.* (citing *LBL Oil*, 777 S.W.2d 390–91.) Where the record in the case establishes that the defendant had no actual notice of the hearing on the motion for default judgment, that judgment cannot be sustained. *See id.*

The record in this case conclusively establishes that Coastal had appeared but was given no notice of the January 14 default judgment hearing date. Coastal appeared in this lawsuit, therefore, it was entitled to notice of the default judgment hearing as a matter of due process. The November 5, 1997 judgment constitutes a deprivation of Coastal's right to due process of law. Because Coastal did not have notice of the hearing, its failure to appear was not intentional or the result of conscious indifference.[6] *See Lopez v. Lopez*, 757 S.W.2d 721, 722 (Tex.1988). Accordingly, we conclude the trial court abused its discretion by denying appellant's motion for new trial. Coastal's second issue is sustained.

Because of our disposition of issue two, we need not consider issues three and four. TEX.R.APP.P. 47.1.

---

6. Because we have resolved this issue on the basis of due process, we need not address the remaining two prongs of *Craddock*. *See Lopez v. Lopez*, 757 S.W.2d 721, 722 (Tex.1988) (when defendant did not receive notice, due process prevents application of second prong of *Craddock* test and court did not discuss third prong); *Balogh v. Ramos*, 978 S.W.2d 696, 698 (Tex.App.—Corpus Christi 1998, pet. denied), *cert denied*, 528 U.S. 822, 120 S.Ct 66, 145 L.Ed.2d 57 (1999) (issue of notice addressed under first prong of *Craddock*); *see also In re Parker*, 20 S.W.3d 812, 816–18 (Tex.App.—Texarkana 2000, no pet.) (generally discussing due process and application of *Craddock*).

Accordingly, we reverse the trial court's judgment and remand this cause for a new trial.