NUMBER 13-09-00074-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


NORIMEX INTERNATIONAL METALS, INC. AND

JOSE RODOLFO ORNELAS BARRAGAN, Appellants,


v.
 


ROLANDO SALINAS AND ERICELDA SALINAS, Appellees.

 


On appeal from 370th District Court 


of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Rodriguez



 Appellants Norimex International Metals, Inc. and Jose Rodolfo Ornelas Barragan (1)
challenge the post-answer default judgment rendered in favor of appellees Rolando
Salinas and Ericelda Salinas on their claims for breach of contract and specific
performance in connection with a real estate transaction. By two issues, appellants
contend that: (1) appellees' pleadings and evidence were inadequate to support liability
for breach of contract and specific performance as a remedy; and (2) the trial court abused
its discretion in denying appellants' motion for new trial because (a) they received no notice
of the trial setting and, as a result, their failure to appear was not intentional or the result
of conscious indifference, and (b) their defense of fraud was meritorious. We reverse and
remand.

I. Background (2)

 In late October 2006, appellants entered into a contract with appellees agreeing to
purchase appellees' shopping center and liquor store for $800,000. For reasons not
entirely clear from the record, the transaction did not close; and on November 21, 2006,
appellees sued appellants for breach of contract, seeking specific performance of the
contract price, lost profits, lost business opportunity, attorneys' fees, and court costs. 
Appellants did not answer, and on February 22, 2007, appellees moved for default
judgment on their claims. Appellants appeared at the hearing on appellees' motion for
default judgment, however, and following the hearing, appellants filed their original answer
and counterclaim.

 At some point in June 2008, a dispute arose between appellants and their attorney
regarding alleged non-payment for services. Appellants' counsel filed a motion to withdraw
in August 2008, which was granted by the trial court after a hearing on September 9, 2008. 
Appellants were not present at that hearing.

 On November 10, 2008, the trial court held trial on appellees' claims. Appellants did
not appear at the hearing. After testimony by appellees and their attorney, the trial court
entered judgment in favor of appellees. The final judgment noted that appellants answered
the lawsuit but failed to appear at trial and that the trial was conducted in appellants'
absence. The judgment awarded appellees $800,000 for breach of contract, $200,000 for
lost profits, and $200,000 in attorneys' fees, for a total of $1.2 million. (3)

 On December 10, 2008, appellants--at this point represented by new counsel--filed
a motion for new trial, asking the trial court to vacate the default judgment and order a new
trial on appellees' claims. Through the motion and Barragan's attached affidavit,
appellants contended that they did not receive notice of the November 10, 2008 hearing
and were unaware that their previous counsel had withdrawn. The trial court held a
hearing on appellants' motion for new trial on January 20, 2009, at which time it heard
testimony from Barragan and appellants' former counsel.

 Barragan testified that he was unaware his former counsel had withdrawn from the
case. He testified that his former counsel never informed him of the November 10, 2008
trial setting and that he received no other notice of the setting. Barragan stated that the
only time he knew he was required to appear before the trial court was in 2007, when he
appeared at the hearing on appellees' original motion for default judgment. Barragan also
testified that he suffered from heart problems during the pendency of the case and implied
by his testimony that communications with counsel were affected by his illness.

 When questioned by appellees' counsel about his and Norimex's last known
address--301 North 23rd Street in McAllen, Texas--on file with the trial court, Barragan
answered that the address was no longer accurate and that he and Norimex had a new
address in San Juan, Texas. Barragan testified that his former lawyer had visited him at
the address in San Juan. Counsel for appellees then introduced a November 24, 2008
print-out of Norimex's website that listed its address as 301 North 23rd Street in McAllen;
the exhibit was admitted into evidence without objection.

 Appellants' former counsel testified that appellants stopped taking his calls in June
2008 after the payment dispute arose and all communication after that point was through
the mail. Counsel stated that he sent all notices to appellants' last known address on file
with the court. It is unclear from counsel's testimony what exactly was contained in those
notices, and counsel acknowledged that he did not know if these notices were received by
appellants. Counsel further testified that he had visited Barragan at a different address
than the one to which he mailed the notices.

 At the conclusion of the hearing, the trial court informed the parties that he would
take the matter under advisement. The trial court never expressly ruled on the motion for
new trial, and it was denied by operation of law. This appeal ensued.

II. Motion for New Trial and Default Judgments

 A trial court has wide discretion in denying a motion for new trial, and we will not
disturb its ruling absent an abuse of discretion. Cliff v. Huggins, 724 S.W.2d 778, 778
(Tex. 1987); In re A.P.P., 74 S.W.3d 570, 573 (Tex. App.-Corpus Christi 2002, no pet.). 
However, "'while trial courts have some measure of discretion in the matter[,] . . . it is not
an unbridled discretion to decide cases as they might deem proper, without reference to
any guiding rule or principle.'" Cliff, 724 S.W.2d at 779 (quoting Craddock v. Sunshine Bus
Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939)).

 The following is the trial court's guiding rule and principle in determining whether to
grant a defaulting party's motion for new trial:

 A default judgment should be set aside and a new trial ordered in any case
in which the failure of defendant to answer before judgment was not
intentional, or the result of conscious indifference on his part, but was due
to a mistake or accident; provided the motion for a new trial sets up a
meritorious defense and is filed at a time when the granting thereof will
occasion no delay or otherwise work an injury to the plaintiff.


Craddock, 133 S.W.2d at 126. These requirements for granting a motion to set aside a
trial court's default judgment also apply to a post-answer default judgment. Cliff, 724
S.W.2d at 779. Moreover, in a post-answer default judgment, where the defaulting party
has established the first element--i.e., absence of intent or conscious indifference in failing
to appear at trial--by proof that it was not given notice of the default judgment hearing, it
need not prove the second and third Craddock elements--i.e., a meritorious defense and
absence of delay or undue prejudice. See Mathis v. Lockwood, 166 S.W.3d 743, 744
(Tex. 2005) (per curiam) (citing Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988); In re
Marriage of Runberg, 159 S.W.3d 194, 200 (Tex. App.-Amarillo 2005, no pet.); In re
Marriage of Parker, 20 S.W.3d 812, 817-18 (Tex. App.-Texarkana 2000, no pet.)) (other
citations omitted). 

 If the factual assertions in a defaulting party's motion for new trial and supporting
evidence are not controverted, that party satisfies its burden if it sets forth facts that, if true,
negate intent or conscious indifference. See Jackson v. Mares, 802 S.W.2d 48, 50 (Tex.
App.-Corpus Christi 1990, writ denied); Gotcher v. Barnett, 757 S.W.2d 398, 401 (Tex.
App.-Houston [14th Dist.] 1988, no writ). "However, where the non-movant presents
evidence at the new trial hearing tending to show intentional or consciously indifferent
conduct, it becomes a question for the trial court to determine." Jackson, 802 S.W.2d at
50. To make this determination, the trial court inquires into the acts and knowledge of the
defaulting party to determine whether the failure to appear was intentional or consciously
indifferent. See Gotcher, 757 S.W.2d at 401; see also Talley v. Talley, No. 05-02-00753-CV, 2002 WL 31647096, at *2 (Tex. App.-Dallas Nov. 25, 2002, no pet.) (not designated
for publication). A conclusion that a failure to appear was intentional must have support
in the record and must be correct as a matter of law. See Gotcher, 757 S.W.2d at 401-02. 

 As a matter of law, a post-answer default judgment is valid only if the defaulting
party received notice of the trial setting at which judgment was rendered. In re
$475,001.16, 96 S.W.3d 625, 627 (Tex. App.-Houston [1st Dist.] 2002, no pet.) (holding
that once a defendant has made an appearance in a case, it is entitled to notice of the trial
setting or other dispositive hearing as a matter of due process); Matsushita Elec. Corp. of
Am. v. McAllen Copy Data, Inc., 815 S.W.2d 850, 853 (Tex. App.-Corpus Christi 1991, writ
denied) (same). Where the record establishes that a defaulting party had no actual notice
of the default judgment hearing, the default judgment cannot be sustained. Coastal Banc
SSB v. Helle, 48 S.W.3d 796, 801 (Tex. App.-Corpus Christi 2001, pet. denied).

III. Discussion

 By their second issue, appellants argue that the trial court abused its discretion in
denying their motion for new trial because they received no notice of the default judgment
hearing. We agree.

 The only evidence we find in the record of possible notice to appellants is their
former counsel's vague testimony at the motion for new trial hearing that he mailed all
notices to appellants' last known address. Assuming without deciding that the "notices"
to which counsel was referring were the November 10, 2008 trial setting and notice of his
withdrawal from the case, we nonetheless conclude there is no evidence in the record that
appellants had actual notice of the November 10 trial setting. See Coastal Banc, 48
S.W.3d at 801; Matsushita, 815 S.W.2d at 853 (reversing default judgment where the
record did not establish that the defendant had actual notice of the hearing on motion for
default judgment). Barragan testified that he never received any notice of counsel's
withdrawal or of the November 10 trial setting; he further stated that he had no idea that
he was required to appear before the trial court subsequent to his initial appearance at the
2007 hearing on appellees' motion for default judgment. Moreover, counsel testified that
there was an almost complete breakdown in communication with appellants after their
payment dispute arose in June 2008, and acknowledged that he did not know if appellants
actually received his "notices." See Mathis, 166 S.W.3d at 745-46 (holding that trial court
abused its discretion in failing to set aside default judgment where testimony established
that notice was sent but not received). 

 At the hearing on appellants' motion for new trial, appellees relied primarily on the
fact that appellants' former counsel sent notices to appellants' last known address,
appearing to contend that appellants' failure to inform the trial court of their change of
address is evidence of their intentional failure to appear. See Jackson, 802 S.W.2d at 50;
Gotcher, 757 S.W.2d at 401 (requiring the trial court to inquire into the acts and knowledge
of the defaulting party if evidence is presented by the non-movant tending to show
intentional or consciously indifferent conduct). Although it is generally true that litigants
have a continuing duty to keep the court and parties apprised of their correct and current
address, a defaulting party is still entitled to a new trial if there is evidence that its failure
to appear did not stem from an intentional or consciously indifferent failure to update its
mailing address. See Ashworth v. Brzoska, 274 S.W.3d 324, 331-32 (Tex. App.-Houston
[14th Dist.] 2008, no pet.). "Conscious indifference" means the failure to take some action
which would seem indicated or obvious to a person of reasonable sensibilities under the
same circumstances. In re A.P.P., 74 S.W.3d at 573. Conscious indifference means more
than mere negligence, and even a slight excuse will suffice to set aside a default judgment. 
Gotcher, 757 S.W.2d at 401-02 (citing Ivy v. Carrell, 407 S.W.2d 212, 213 (Tex. 1966)). 
In other words, the defaulting party must provide some excuse, but not necessarily a good
excuse, for its failure to take the requisite action. Jackson, 802 S.W.2d at 50. 

 Here, there was testimony at trial that appellants had a different address than the
address that was on file with the trial court and that their counsel had knowledge of that
different address but still sent all notices to the old address. Barragan testified that
appellants were unaware that their counsel had withdrawn from the case; as such,
appellants could have assumed that everything was still being handled by counsel,
including any changes of address. Finally, although the dates of his illness are not clear
from the record, Barragan testified that he was having heart problems during the pendency
of the case and implied by his testimony that, as a result, communication with counsel was
sometimes inconsistent. 

 Admittedly, as is usually the case, appellants could have made better efforts to
communicate with counsel. However, negligent conduct does not rise to the level of
conscious indifference, and all that is required for the setting aside of a default judgment
is a slight excuse for the party's failure to act. See Gotcher, 757 S.W.2d at 401-02. The
foregoing, although not necessarily a good excuse, is nonetheless some excuse for
appellants' failure to appear at trial. See Jackson, 802 S.W.2d at 50. 

 In sum, the record demonstrates that appellants did not receive notice of the
November 10, 2008 trial setting at which the trial court rendered a $1.2 million default
judgment in appellees' favor. See Coastal Banc, 48 S.W.3d at 801 (providing that the
record must establish that a defaulting party received actual notice of the dispositive
hearing). Because appellants had no notice of the hearing, their failure to appear was not
intentional or the result of conscious indifference, and the default judgment was invalid as
a matter of law. See In re $475,001.16, 96 S.W.3d at 627. We therefore conclude that
the trial court abused its discretion in denying appellants' motion for new trial and failing
to set aside the default judgment. See Cliff, 724 S.W.2d at 778-79; Gotcher, 757 S.W.2d
at 401-02 (holding that a trial court's conclusion that a defaulting party's failure to appear
is intentional must have support in the record and be correct as a matter of law). 
Appellants' second issue is sustained. (4)

IV. Conclusion

 The trial court's judgment is reversed, and we remand this proceeding for a new
trial.

 NELDA V. RODRIGUEZ

 Justice


Delivered and filed the

6th day of May, 2010.
1. Barragan is the president of Norimex International Metals, Inc.
2. We note that appellees filed no brief to assist us in the resolution of this case. Accordingly, we
decide this appeal based on the brief filed by appellants and the record before us.
3. The judgment also awarded pre- and post-judgment interest.
4. In this post-answer default judgment, because appellants have satisfied the first Craddock prong by
proof that they were not given proper notice of the default judgment hearing, they need not prove the existence
of a meritorious defense, and we do not reach their meritorious defense sub-issue. See Mathis v. Lockwood,
166 S.W.3d 743, 744 (Tex. 2005) (per curiam); see also Tex. R. App. P. 47.1. Moreover, having determined
that the trial court abused its discretion in denying appellants' motion for new trial and failing to set aside the
default judgment, we need not reach appellants' first issue regarding the adequacy of appellees' pleadings
and evidence. See Tex. R. App. P. 47.1.