

**NUMBER 13-09-648-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARIO G. MARTINEZ,** **Appellant,**

**v.**

**FARMERS INSURANCE EXCHANGE,** **Appellee.**

---

**On appeal from County Court at Law No. 1
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion by Justice Vela**

This is an appeal from a trial court order dismissing Mario Martinez's case and denying his motion to enforce a settlement agreement. In the trial court, Martinez urged that appellee, Farmers Insurance Exchange ("Farmers"), wrongfully retained certain settlement amounts for purposes of withholding taxes, rather than giving him the total settlement amount.

On appeal, Martinez raises the following issues: (1) whether the trial court abused its discretion in granting Farmers' motion to enforce settlement agreement; (2) whether the evidence is legally sufficient to support the Order of Enforcement and Take-Nothing Judgment; and (3) whether the trial court abused its discretion in denying Martinez's motion for new trial. We affirm.

## I. FACTUAL BACKGROUND

Mario Martinez filed suit against Farmers, his former employer, on August 14, 2006, alleging that he had been wrongfully terminated from his employment due to his age. In Martinez's original petition, he claimed unlawful civil conspiracy, unlawful employment discrimination under Chapter 21 of the Texas Labor Code, and intentional infliction of emotional distress. See TEX. LAB. CODE ANN. § 21.2585 (West 2006). He sought damages for physical as well as mental pain and anguish, inconvenience, and "loss of enjoyment of life for a long time and into the future." He further sued for "lost earnings in the past and in the future and for loss of earning capacity."

On April 29, 2008, Farmers and Martinez entered into a Rule 11 Agreement whereby they agreed "to mediate this case prior to any hearing on Defendant's motion for summary judgment." TEX. R. CIV. P. 11. On May 27, 2009, the parties executed a settlement agreement for $21,000. According to the settlement document, the sum was to be paid to Martinez on or before June 10, 2009. Additionally, the words "or as soon as possible" were inserted and initialed by Farmers' attorney in the margin. The settlement agreement provided that the settlement encompassed all claims in the lawsuit, which, at the time of the settlement, included a wage claim.

2

The settlement was not funded by June 10, 2009. Subsequently, Martinez filed a Motion to Enforce Settlement Agreement and for Sanctions on June 18, 2009. At a hearing on the motion on June 29, 2009, counsel for Martinez complained of the delay in receiving the settlement check. In response, Farmers' position was because this was an employment case, it initially wanted to allocate 40 to 50% of the total settlement to wages. Farmers informed the court that it had to get a supervisor involved in order for the insurance company to agree "to get a very minimal amount toward wages," and that "the real delay was the fact that we had to get a supervisor—a vice president involved so [it] could basically get a bigger amount toward his client that would not be taxable and would be more palatable—."

At the hearing, Martinez did not agree withholding any portion of the settlement. Farmers responded that Martinez had pleaded lost wages, and therefore some of the proceeds must be withheld for taxes. The hearing concluded without any further discussion or argument with respect to withholding a portion of the settlement, and the trial court ordered that the settlement be funded by July 6, 2009. Counsel for Martinez was asked to prepare an order reflecting the trial court's rulings. That same afternoon, after the trial court had ruled, Martinez filed a second amended petition, deleting his claim for lost earnings and for loss of earning capacity.

As ordered, on July 6, 2009, Farmers delivered two checks, for a total of $20,347 to Martinez's counsel. $19,000 was made payable to Dale & Klein, LLP Trustee for Mario Martinez, and $1,347 was made payable to Mario Martinez. Farmers withheld $653.00 for taxes based on Farmers apportioning $2,000 of the settlement to lost wages.

3

On August 18, 2009, Martinez filed a second motion to enforce, claiming that Farmers wrongfully withheld $653.00 of the settlement proceeds. In that motion, Martinez contended that he had non-suited the wages claim on June 29, 2009 in his second amended petition. On August 25, 2009, Farmers responded to Martinez's second motion to enforce and filed its own motion to enforce settlement. Farmers argued that wages had been a claim during the lawsuit for nearly three years and Martinez had only amended his pleading after the hearing and after the case had already settled.

Consequently, Martinez requested a telephone conference to be held on his second motion to enforce. As a result of the conference, which is not of record, the trial court asked for proposed orders from both sides. The court subsequently determined that "the apportionment of $2,000 of the total settlement to lost wages and the withholding of taxes pursuant to federal law and IRS regulations is appropriate and required." On August 27, 2009, the trial court signed an order of dismissal with prejudice.

Martinez filed a timely motion for new trial, asking the trial court to vacate the August 27, 2009 order of dismissal with prejudice because he claims that "the trial court reformed an unambiguous contract." He further argued that "the trial court is not an arm of the IRS or a taxing entity and acted as a tax enforcing entity which is beyond the court's authority and jurisdiction." Martinez argues that because there was no express agreement between the parties to withhold funds for tax purposes in the settlement, the settlement cannot be enforced. On September 23, 2009, Martinez's motion for new trial was denied.

4

## II. ENFORCEMENT ISSUE

### A. Standard of Review

A trial court's decision whether a settlement agreement should be enforced as an agreed judgment or must be the subject of a contract action requiring additional pleadings and proof is subject to the abuse of discretion standard of review. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 659 (Tex. 1996); *Staley v. Herblin*, 188 S.W.3d 334, 336 (Tex. App.—Dallas 2006, pet. denied). A trial court abuses its discretion if it renders a decision that is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1990). The appellant bears the burden to establish error in the trial court's judgment. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968) (per curiam); *Baylor College of Medicine v. Camberg*, 247 S.W.3d 342, 346 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

### B. Analysis

Martinez's appeal centers upon his belief that he has not received all of the money he was owed as a result of the settlement agreement signed May 27, 2009. According to Martinez, Farmers wrongfully withheld taxes from the settlement, denying him $653.00 out of $21,000 in settlement money. Farmers apportioned $2,000 of the total settlement for lost wages, and calculated the taxes owed on that amount to be $653.00. He does not argue that the amount of taxes withheld was not correct. Rather, his complaint is that no amount should have been withheld for lost wages or taxes. He argues that there is a fact issue with respect to how the settlement funds were to be paid.

5

Martinez argues in his first issue that the trial court abused its discretion in denying his second motion to enforce the settlement agreement and determining the disputed issues between the parties. He now claims that the only method available for enforcing a settlement agreement is through summary judgment or trial. However, it was actually Martinez who was the original party to seek enforcement of the settlement agreement through means other than summary judgment or trial. In fact, he filed two such motions. He cannot now complain that the method he chose to have the issues resolved is improper. A litigant cannot ask something of a court and then complain that the court committed error in giving it to him. *Northeast Texas Motor Lines, Inc. v. Hodges*, 158 S.W.2d 487, 488–89 (Tex. 1942). Error in requesting an action cannot be urged by a party who requested the same action. *Corpus Christi Nat'l Bank v. Gerdes*, 551 S.W.2d 521, 525 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.). A party to a lawsuit cannot ask something of a trial court and then complain on appeal that the trial court committed error in granting that party's request. *Northeast,* 158 S.W.2d at 488; *Naguib v. Naguib,* 137 S.W.3d 367, 375 (Tex. App.—Dallas 2004, pet. denied); *see e.g. Dolenz v. Am. Gen. Fire & Cas. Co.*, 798 S.W.2d 862, 863 (Tex. App.—Dallas 1990, writ denied); *Shafer v. Bedard*, 761 S.W.2d 126, 131 (Tex. App.—Dallas 1988, no writ). By seeking to have the judgment enforced by motion, Martinez cannot now claim that the trial court erred in disposing of the case in the manner Martinez requested. We overrule issue one.

### III. SUFFICIENCY OF THE EVIDENCE

By Martinez's second issue, he argues that the evidence is legally insufficient to support the denial of his second motion to enforce and the order of dismissal.

6

**A. Standard of Review**

The test for legal sufficiency is "[w]hether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005). An appellant, challenging the legal sufficiency of an adverse finding on which it had the burden of proof, must demonstrate that the evidence conclusively established all vital facts. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). The reviewing court considers the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact-finder could, and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller*, 168 S.W.3d at 807.

Martinez argues that the only process available for enforcement of a settlement agreement is via summary judgment or trial. As previously stated, it was Martinez who sought enforcement of the judgment by motion, not by summary judgment or trial. His argument is waived. Regardless, a motion to enforce a settlement is a sufficient pleading to allow a trial court to render judgment enforcing a settlement. *Twist v. McAllen Nat'l Bank*, 248 S.W.3d 351, 361 (Tex. App.—Corpus Christi 2007, orig. proceeding).

We note in reviewing whether the evidence supports the trial court's judgment that a part of the proceedings before the trial court are not before us in this appeal. The record reflects that the trial court held an unrecorded telephone conference with both parties on August 26, 2009. Although Martinez urges in his brief that it was a five minute telephonic conference at which no evidence was adduced, we do not know if evidence

7

was presented or if the conference was merely argument. It was shortly after this conference that the trial court rendered judgment. The Texas Rules of Appellate Procedure provide that the appellant, or other party seeking review, has the burden to request that a sufficient record is presented to the appellate court to show error requiring reversal. *See* TEX. R. APP. P. 34. Without a record of that conference, which occurred at Martinez's suggestion, we do not know what additional factors, if any, were considered by the trial court at the telephone conference to influence it to rule as it did. When we have no record of a conference or hearing before us, the record is presumed to support the trial court's ruling. *See Bryant v. United Shortline Inc. Assurance Servs.*, 972 S.W.2d 26, 31 (Tex. 1998); *see also Fort Bend County v. Tex. Parks & Wildlife Comm'n*, 818 S.W.2d 898, 900 (Tex. App.—Austin 1991, no writ). Regardless, the case was before the trial court primarily in response to Martinez's two motions for enforcement. Although he expressed disagreement at the hearing, counsel for Martinez presented nothing at the hearing to show that the award of lost wages was improper.

Without a record of what occurred at that hearing, we are unable to say that the trial court erred in awarding the amount it did toward lost wages. In view of the fact that this was an employment discrimination case, it is logical that a portion of the award would be for lost wages and the pleadings supported a claim for lost wages. Martinez alleged lost wages, which were unquestionably considered as part of the settlement when formulating a monetary figure for compensation. Further, the motions to enforce, the responses to motions to enforce, and the hearings gave the trial court ample opportunity to determine the adequacy of the evidence proffered and make a valid determination in

favor of apportionment of the settlement.

Martinez argues that he non-suited his wage claim, so it was not part of the settlement agreement. The trial court found that "the case was settled at mediation, and that the settlement encompassed all claims." By signing the settlement agreement, both parties agreed to:

> release, discharge, and forever hold the other harmless from any and all claims, demand or suits, known or unknown, fixed or contingent, liquidated or unliquidated (whether or not asserted in this case) arising from or related to the events and transactions which are the subject matter of this case

Martinez dismissed his claim for lost wages in his second amended petition on June 29, 2009. This amendment was filed the same day as the hearing which was held to review Martinez's first motion to enforce settlement. However, the second amended petition, deleting the claim for lost wages, was made after both parties had already signed a valid settlement agreement on May 27, 2009. Lost earnings in the past and in the future and for loss of earning capacity were specifically pleaded in Martinez's original petition. Because lost wages were clearly part of the settlement agreement when it was signed and because we do not have a complete record of what the trial court considered when it made its ruling, we will not disturb the trial court's judgment. We overrule issue two.

## IV. MOTION FOR NEW TRIAL

Martinez argues in his third and fourth issues that the trial court erred in denying his motion for new trial. Specifically, he complains that the trial court should not have "reformed the settlement agreement to allow for $2,000.00 of the $21,000.00 settlement to be considered taxable income and allow Farmers to withhold taxes." He also argues

9

that the trial court abused its discretion in denying his motion for new trial because he did not request that the case be dismissed with prejudice.

## A. Standard of Review

The trial court's denial of a motion for new trial is reviewed for an abuse of discretion. *See In re A.P.P.*, 74 S.W.3d 570, 573 (Tex. App.—Corpus Christi 2002, no pet.) (citing *Dir., State Emps. Worker's Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994)); *Coastal Banc SSB v. Helle*, 48 S.W.3d 796, 800 (Tex. App.—Corpus Christi 2001, pet. denied). The trial court has a wide discretion in denying a motion for new trial and we will not disturb its ruling absent an abuse of discretion. *See Coastal Banc*, 48 S.W.3d at 800 (citing *Dir., State Emps. Worker's Comp. Div.*, 889 S.W.2d at 268).

## B. Analysis

Martinez cites *Meador v. Ivy*, which held that a trial court cannot reform an unambiguous contract unless there are pleadings and proof of mutual mistake or there was a mistake on one side induced by fraud on the other. 390 S.W.2d 391 (Tex. App.—San Antonio 1965, no writ). However, *Meador* did not involve a settlement agreement. *See id.* Rather, *Meador* involved a disagreement over deposits in a bank account and who held the right to the funds. *See id.* Thus, the case is distinguishable.

Furthermore, lost wages were part of the original claim. At the hearing, it was clear that the trial court and Farmers believed that a certain amount of the settlement would be apportioned to wages. The fact that Martinez amended his pleadings to delete the wage claim is of no import. It occurred post settlement.

With respect to the amount that was withheld, there is no argument. It is possible that if Farmers failed to withhold a portion of the settlement for tax purposes, it might have assumed liability. 26 U.S.C.A. § 3402 (a)(1) ("[E]very employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary."). Under the circumstances presented here, we cannot say that the trial court abused its discretion in failing to grant a new trial.

Martinez also argues that, contrary to the trial court's order, he did not formally file a motion to dismiss. We agree. However, the settlement agreement itself provided for an agreed order of dismissal with prejudice upon conclusion of the settlement. The trial court did not err in dismissing the case with prejudice.

## V. CONCLUSION

Having overruled all of Martinez's issues, we affirm the trial court's judgment.


ROSE VELA
Justice

Delivered and filed the
28th day of July, 2011.


11