

# NUMBER 13-16-00587-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**SAN JUANITA VIOLA ALDRETE,**                              **Appellant,**

**v.**

**THE CITY OF MCALLEN,**                                     **Appellee.**

---

### On appeal from the 92nd District Court of
### Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Longoria, and Hinojosa
### Memorandum Opinion by Justice Longoria

Appellant San Juanita Viola Aldrete filed claims for negligence and respondeat superior against appellee the City of McAllen to recover for injuries sustained when her vehicle collided with a police car driven by a City police officer. By a restricted appeal,

Aldrete argues that the trial court erred by granting the City's plea to the jurisdiction. We reverse and remand.

## I. BACKGROUND

Around 7:30 p.m. on November 7, 2009, Officer Aldo Rodriguez, a police officer for the City of McAllen, was dispatched to investigate a report that a bicyclist was riding on the road. A concerned citizen called the police, afraid that the bicyclist might be struck by a vehicle because it was dark. While searching for the bicyclist, Officer Rodriguez noticed a reckless driver weaving in and out of traffic and traveling 59 m.p.h. in a 45 m.p.h. zone. Officer Rodriguez testified that he made a U-turn, activated his overhead lights, and began pursuing the vehicle to initiate a traffic stop. Meanwhile, Aldrete had stopped at a stop sign. She proceeded across the street in her vehicle and collided with Officer Rodriguez's vehicle. Aldrete asserts, and Officer Rodriguez does not dispute, that his audible police siren was not activated; however, Aldrete also asserts that Officer Rodriguez's overhead lights were not on whereas he maintains that his overhead lights were activated.

On October 19, 2010, Aldrete filed suit to recover damages for personal injuries she sustained during the accident. Aldrete originally named Officer Rodriguez and the City of McAllen as defendants but later amended the petition to reflect the City as the sole defendant. On January 14, 2013, the City filed a plea to the jurisdiction. Two days later, Garcia & Karam, the law firm that represented Aldrete, filed a motion to withdraw as counsel. On March 6, 2013, the Ruiz Law Firm entered an appearance on Aldrete's behalf. However, nine months later, the Ruiz Law Firm also filed a motion to withdraw. On October 31, 2014, Manuel Guerra of the Guerra Law Firm filed an appearance on

2

Aldrete's behalf. Guerra filed a response to the City's plea to the jurisdiction, and the trial court held a hearing on the matter on November 17, 2014. The trial court denied the City's plea on December 23, 2014.

Fifteen months later, on February 10, 2016, Guerra, too, filed a motion to withdraw as counsel. A hearing on the matter was held on March 8, 2016; the trial court indicated that it would grant Guerra's motion to withdraw but did not sign an order granting the motion at that time. Later that same day, the City filed a second plea to the jurisdiction and served it to Aldrete personally, both to a post office box address and an e-mail address. The trial court set the hearing for March 29, 2016 and e-mailed Aldrete with notice of the hearing. Two days later, on March 10, 2016, the trial court signed the order granting Guerra's motion for withdrawal. The trial court then reset the hearing on the City's plea to the jurisdiction to March 30 and attempted to e-mail Aldrete. According to Aldrete, she did not receive the notice of the hearing. Aldrete neither responded to the second plea nor appeared at the hearing. The trial court granted the second plea on April 8, 2016 and once again e-mailed Aldrete with a copy to the same e-mail address. The trial court severed Aldrete's claims against the City on April 29, 2016. Aldrete was served with notice of the final judgment from the clerk of the trial court on June 3, 2016 by mail. On October 26, 2016, Aldrete filed this restricted appeal.

## II. RESTRICTED APPEAL

In a single issue with four sub-issues, Aldrete argues that she meets all the requirements to prevail in this restricted appeal, namely: (1) she timely filed notice of her restricted appeal; (2) she was a party to the underlying lawsuit; (3) she did not participate in the City's second plea to the jurisdiction and she did not file any post-judgment motions;

3

and (4) there are numerous errors apparent on the face of the record. *See Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014).

## A. Standard of Review

To prevail on a restricted appeal, the appellant must establish that

(1) she filed notice of the restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Id.* The first three requirements are jurisdictional whereas the final requirement defines the scope and nature of the appellate court's review. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam)*.*

## B. Discussion

The City does not dispute that Aldrete was a party to the underlying suit, so we sustain Aldrete's second sub-issue, but the parties disagree as to the other three prongs of restricted appeal.

### 1. Did Aldrete Timely File Her Notice of Appeal?

A restricted appeal must be filed within six months of the signing of the final judgment that the party is appealing. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.013 (West, Westlaw through 2017 1st C.S.). According to Aldrete's calculations, she timely filed her notice of restricted appeal because the trial court signed the final judgment on April 29, 2016 and she filed her notice of appeal on October 26, 2016.

It is Aldrete's contention that the final judgment issued on April 29, 2016 marked her six-month window to file a restricted appeal. And because she filed her notice of appeal on October 26, 2016, she argues that the appeal was timely filed, with a few days

4

to spare. However, the City claims that the judgment became final and appealable on April 8, 2016, when the trial court granted the City's second plea to the jurisdiction, not on April 29. If the deadline began on April 8, 2016 as the City contends, then Aldrete's notice of appeal would only have been considered timely if it was filed by October 10, 2016. We must then determine if the April 8, 2016 order was final and appealable.

As a general rule, an appeal may only be taken from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record." *Id.* The April 8, 2016 order stated: "The Court finds it is without jurisdiction over Plaintiff's claims and, accordingly, hereby orders that all of Plaintiff's claims be, and hereby are, dismissed with prejudice." Aldrete argues that the order was not final because even though it explicitly dismissed all of her claims as plaintiff, the language in the order made no mention of Intervenor Mauro Ruiz's claims. Ruiz, Aldrete's former counsel, intervened in the case, asserting an interest in Aldrete's recovery due to allegedly unpaid attorney's fees. Thus, Aldrete argues that the judgment did not become final until April 29, 2016 when the trial court granted the City's motion to sever Aldrete's claims.

The City argues that the order disposed of all of Ruiz's claims because they were contingent on Aldrete's claims, which were dismissed. However, the City has not cited any authority for the proposition that an attorney's intervening claim for attorney's fees was held to be implicitly dismissed based on the disposal of the underlying claim. To the contrary, in *Guarjado v. Conwell*, the Texas Supreme Court held that an order that allegedly disposed of all claims was not final and appealable because it failed to specifically dispose of the intervenor's claim for attorney's fees. 46 S.W.3d 862, 863 (Tex.

2001). Therefore, we conclude that the case did not become final and appealable on April 8 and that Aldrete timely filed her appeal. Aldrete's first sub-issue is sustained.

## 2. Did Aldrete Participate?

To meet the third prong of a restricted appeal, "the question is whether appellants participated in the 'decision-making event' that resulted in the order adjudicating appellant['s] rights." *Clopton v. Pak*, 66 S.W.3d 513 (Tex. App.—Fort Worth 2001, pet. denied). Here, Aldrete contends that she did not participate in any way in the court's consideration of the City's second plea to the jurisdiction. She did not file an answer, she did not appear at the hearing, and she did not file any post-judgment motions or notices of traditional appeal. On the other hand, the City argues that Aldrete fully participated in the decision-making event, the hearing on the first plea to the jurisdiction, because the second plea to the jurisdiction was in essence a motion to reconsider. The City presented no new evidence or any new arguments at the hearing on its second plea to the jurisdiction; rather, the City simply urged the trial court to grant the motion based on the evidence already before the court. And Aldrete filed a response and affidavit to the City's first plea to the jurisdiction and appeared in person to present her arguments. In other words, the City argues that because Aldrete was involved in every step of the litigation except for the final hearing, at which no new evidence was presented, she cannot claim that she did not participate. We agree with Aldrete.

"The decision-making event is the proceeding in which the questions of law and fact are decided." *Cox v. Cox*, 298 S.W.3d 726, 731 (Tex. App.—Austin 2009, no pet.). But, as observed by the Texas Supreme Court:

> An appeal by writ of error is typically an appeal of a default judgment, in which participation is rarely a disputed issue. The question becomes more

6

difficult when a party participates in some but not all of the proceedings in the trial court. The nature and extent of participation that precludes appeal by writ of error in any particular case is a matter of degree because trial courts decide cases in a wide variety of procedural settings.

*Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996). The Texas Supreme Court continued by giving two examples:

> For example, a summary judgment is decided on the evidence presented in support of, or in reply to, the motion for summary judgment. A party may not present new evidence at the summary judgment hearing, and a statement of facts of the hearing is not necessary for appeal. Consequently, a party who has taken part in all steps of a summary judgment proceeding except the hearing on the motion has participated in the "actual trial" that determined the parties rights. On the other hand, participation in a case tried to a jury requires some degree of involvement in the hearing in open court . . . on the questions of fact.

*Id.* (internal citations omitted). Neither party has cited, nor have we found, any case law that analyzes the level of participation required to preclude restricted appeal in a plea to the jurisdiction case. However, we do not agree with the State that Aldrete participated to such a degree as to prevent her appeal.

The second plea to the jurisdiction was before a different judge than the first plea to the jurisdiction. It seems apparent from the record that the City hoped to receive a different outcome from the second judge on their plea while Aldrete was unrepresented. The hearing on the City's second plea reads like a default proceeding. Moreover, the City went so far as to represent that Officer Rodriguez's emergency lights were activated—a point that Aldrete contested and in which the previous trial court judge concluded might constitute a fact issue. As the Texas Supreme Court observed in *Texaco*, an "appeal by writ of error[, the predecessor to the restricted appeal,] is typically an appeal of a default judgment, in which participation is rarely a disputed issue." 925 S.W.2d at 589.

7

Given that Aldrete was absent from the hearing on the City's second plea, the City's second plea was presented to a different trial court judge, the City's oral rendition of a fact that Aldrete disputed, and the rule that we are to liberally construe the rules governing a restricted appeal in favor of the right to appeal, *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985), we conclude that Aldrete did not participate in the decision-making event. Aldrete's third sub-issue is sustained.

### 3. Error Apparent on the Face of the Record

Aldrete's fourth sub-issue, advanced by four further sub-issues, contends that there is error apparent on the face of the record. As relevant to our disposition, Aldrete's second sub-issue contends that she was not provided with notice of the appealable order as required by Texas Rule of Civil Procedure 306a. *See* TEX. R. CIV. P. 306a(3). Rule 306a(3) provides:

> **Notice of judgment.** When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed. Failure to comply with the provisions of this rule shall not affect the periods mentioned in paragraph (1) of this rule, except as provided in paragraph (4).

*Id.* The Fourteenth Court of Appeals has concluded that such failure constitutes a denial of due process. *See In re Gravitt*, 371 S.W.3d 465, 472 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). In a memorandum opinion that references *Gravitt*, the Fourteenth Court of Appeals has also concluded that such failure constitutes error apparent on the face of the record. *See Telezone, Inc. v. Kingwood Wireless*, No. 14-15-00742-CV, 2016 WL 7436813, at *2 (Tex. App.—Dec. 22, 2016, no pet.) (mem. op.). Although not binding precedent, *Telezone* is persuasive.

8

The only rule 306a(3) notice in the clerk's record is dated June 6, 2016 and relates to the June 3, 2016 "Order Granting Entry of Final Judgment." But, the order that finally disposed of Aldrete's personal injury claim is the April 29, 2016 severance order. *See Doe v. Pilgrim Rest Baptist Church*, 218 S.W.3d 81, 82 (Tex. 2007) (per curiam); *see also Coastal Banc SSB v. Helle*, 48 S.W.3d 796, 800 (Tex. App.—Corpus Christi 2001, pet. denied). The clerk's record contains no rule 306a(3) notice regarding that order. In response, the City argues that Aldrete was provided with the trial court's orders via e-service, she did not avail herself of the procedure in rule 306a that allows for extension of the trial court's plenary power, and the record did not show that a rule 306a notice was not provided. The City's responsive arguments are unavailing.

First, assuming without deciding that Aldrete received emails regarding the orders in question, those emails do not satisfy the first-class mail requirement in rule 306a(3). Even if rule 306a(3) allowed for electronic service, the City confuses the transmission of emails with electronic service. Rule 21a(b)(3) provides that, "Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party." TEX. R. CIV. P. 21a(b)(3). In turn, rule 21(f) provides in relevant part:

> (1) Requirement. Except in juvenile cases under Title 3 of the Family Code and truancy cases under Title 3A of the Family Code, attorneys must electronically file documents in courts where electronic filing has been mandated. Attorneys practicing in courts where electronic filing is available but not mandated and **unrepresented parties** *may* electronically file documents, but it is not required.

> (2) Email Address. The email address of an attorney or **unrepresented party** *who electronically files a document* must be included on the document.

9

*Id.* at R. 21(f)(1)–(2) (emphasis added).  These rules allow an unrepresented party to electronically file a document, but they do not mandate an unrepresented party to electronically file a document.  The effect of such discretion is that electronic service on an unrepresented party cannot occur until the unrepresented party affirmatively electronically files a document.

Second, the City points to no authority supporting its proposition that a litigant must file a motion in accordance with rule 306a(5) as a prerequisite to filing a restricted appeal.  Accordingly, this responsive argument is inadequately briefed.  *See* TEX. R. APP. P. 38.1(i).

Third, the City's contention that the record is silent regarding notice under rule 360a(3) is too narrow.  Although the City's reference to a silent record is unclear, it appears that for this argument, the City agrees with Aldrete that the April 29, 2016 severance order triggered the district clerk's obligation to provide the rule 306a(3) notice.  In reviewing the notice requirements for dismissal hearings and final judgments or other appealable orders, the Texas Supreme Court observes that "the rules do not impose upon the clerk an affirmative duty to record the mailing of the required notices; accordingly, the absence of proof in the record that notice was provided does not establish error on the face of the record."  *Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex. 2009) (per curiam) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 849 (Tex. 2004)); *see also* TEX. R. CIV. P. 165a(1), 306a(3).  The City is correct in that the record contains no indication that the district clerk provided a rule 306a(3) notice regarding the April 29, 2016 severance order.  However, it provides a rule 306a(3) notice regarding the June 3, 2016 "Order Granting Entry of Final Judgment."  Aldrete contends that the district clerk's mistaken

belief that the June 3, 2016 "Order Granting Entry of Final Judgment" triggered its obligation to provide a rule 306a(3) notice constitutes error apparent on the face of the record.  We agree and conclude that the district clerk's erroneous belief that the June 3, 2016 "Order Granting Entry of Final Judgment" triggered its obligation to provide a rule 306a(3) notice constitutes error apparent on the face of the record.  Aldrete's fourth sub-issue is sustained.

### 4. Summary

We have sustained all four of Aldrete's sub-issues for her to prevail on restricted appeal.  *See Pike-Grant*, 447 S.W.3d at 886.  Thus, we conclude it was an error for the trial court to grant the City's second plea to the jurisdiction.

### III. CONCLUSION

The April 8, 2016 order granting the City's second plea to the jurisdiction, made final in the April 29, 2016 severance order, is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

NORA LONGORIA
Justice

Delivered and filed the
22nd day of March, 2018.