ACCEPTED
04-15-00041-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/21/2015 3:30:40 PM
KEITH HOTTLE
CLERK

CAUSE NO. 04-15-00041-CV

_____

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

05/21/2015 3:30:40 PM

KEITH E. HOTTLE
Clerk

IN THE

FOURTH COURT OF APPEALS

SAN ANTONIO, TEXAS

_____

TEMPLETON MORTGAGE COMPANY
Appellant

V.

GARY M. POENISCH
Appellee

_____

On appeal from the 216th District Court of Kendall County, Texas

_____

**APPELLANT'S BRIEF**

_____

Respectfully Submitted,

*LAW OFFICE OF KEITH C. THOMPSON, P.C.*

11003 Quaker Avenue
Lubbock, Texas 79424
Telephone: (806) 783-8322
Facsimile: (806) 783-8357
Email: kct@kctlaw.us

By: /s/ Keith C. Thompson
Keith C. Thompson
SBN: 24013631
*ATTORNEY FOR APPELLANT/DEFENDANT*

***ORAL ARGUMENT IS REQUESTED***

# IDENTITY OF PARTIES AND COUNSEL

TEMPLETON MORTGAGE COMPANY
Represented by:

     Keith C. Thompson
     Law Office of Keith C. Thompson, P.C.
     11003 Quaker Avenue
     Lubbock, Texas 79424
     Telephone:  (806) 783-8322
     Facsimile:  (806) 783-8357
     Email:      kct@kctlaw.us

**APPELLANT**

GARY M. POENISCH
Represented by:

     Gary M. Poenisch, P.L.L.C.
     206 E. Locust Street, Suite 218
     San Antonio, Texas 78212
     Telephone:  (210) 212-6700
     Telecopier:  (210) 212-2178

**APPELLEE**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ..................................................................................iii

STATEMENT OF THE CASE ...............................................................................v

STATEMENT REGARDING ORAL ARGUMENTS ...............................................vi

ISSUES PRESENTED FOR REVIEW ...................................................................vi

STATEMENT OF FACTS ...................................................................................1

SUMMARY OF THE ARGUMENT .......................................................................2

ARGUMENT AND AUTHORITIES .......................................................................3

    I.  This Court should reverse the decision of the 216th District Court of Kendall County because it abused its discretion by granting default judgment against Templeton Mortgage Company since it was deprived of due process. .........................................................................................3

        A.  Standard of review is abuse of discretion. ...............................................3

        B.  TMC's right to due process was violated because it did not receive 45 days notice of the default judgment hearing, as such, the hearing was void and default judgment was improper. ..........................................4

            i.  TMC did not receive the required 45 days notice for trial settings, so the hearing and all actions during the hearing are void. .................6

        C.  The notice served on TMC was defective and thus, the default judgment hearing was void. .......................................................................7

CONCLUSION AND PRAYER .............................................................................8

CERTIFICATE OF SERVICE ..............................................................................10

CERTIFICATE OF COMPLIANCE .......................................................................11

APPENDICES ..................................................................................................12

# INDEX OF AUTHORITIES

## CASE LAW

*Armstrong v. Mazano*,
    380 U.S. 545 (1965) ....................................................................................4

*Bradford v. Bradford*,
    971 S.W.2d 595 (Tex. App.—Dallas 1998, no pet.) ........................................4

*Coastal Banc SSB v. Helle*,
    48 S.W.3d 796 (Tex. App.—Corpus Christi, 2001 pet. denied) .....................4

*Craddock v. Sunshine Bus Lines, Inc.*,
    133 S.W.2d 124 (Tex. 1939) ........................................................................3

*Delgado v. Hernandez*,
    951 S.W.2d 97 (Tex. App.—Corpus Christi 1997, no writ) ...........................4

*Fishing Publ'n Inc. v. Williams*,
    661 S.W.2d 323 (Tex. App.—Corpus Christi 1982, no writ) .........................5

*In re $475.001.16*,
    96 S.W.3d 625 (Tex. App.—Houston [1st Dist.] 2002, no pet.).....................4

*LBL Oil Co. v. Int'l Power Servs., Inc.*,
    777 S.W.2d 390 (Tex. 1989) ....................................................................4, 5

*Lopez v. Lopez*,
    757 S.W.2d 721 (Tex. 1988) ........................................................................3

*Mabon Ltd. v. Afri-Carib Enters., Inc.*,
    369 S.W.3d 809 (Tex. 2012) ....................................................................3, 5

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ....................................................................................5

*Peralta v. Heights Med. Ctr. Inc.*,
    485 U.S. 80 (1988) ......................................................................................3

*Perkins v. City of San Antonio*,
 293 S.W.3d 650 (Tex. App.—San Antonio 2009, no pet.) ..............................5

**RULES**

TEX. R. CIV. P. 21 .................................................................................2, 5, 7, 8

TEX. R. CIV. P. 245 ...................................................................................5, 6, 8

**STATEMENT OF THE CASE**

This is a suit involving a dispute over real property. The primary dispute arose between Michael Middleton and Templeton Mortgage Company. Gary M. Poenisch intervened against Templeton Mortgage Company. The issue on appeal is whether the trial court abused its discretion by granting default judgment in favor of Poenisch when Templeton Mortgage Company was deprived of due process by not receiving the proper notice of the hearing on default judgment.

The Honorable Bill Palmer of the 216th District Court of Kendall County, Texas, presided over the trial. Judge Palmer signed the Order Setting Hearing on October 10, 2015. (Order Setting Hearing). The Certificate of Service was sent on October 9, 2015. (Certificate of Service). Templeton Mortgage Company had previously appeared in other proceedings of the trial, but the trial court struck all of their pleadings at the hearing on default judgment. (Default Judgment Order, p. 1). The trial court granted default judgment in favor of Poenisch and against Templeton Mortgage Company on all of Poenisch's claims. Templeton Mortgage Company now appeals.

## STATEMENT OF ORAL ARGUMENTS

Appellant hereby requests the opportunity to present this matter by oral argument.

## ISSUE PRESENTED FOR REVIEW

Did the trial court err by granting default judgment for Poenisch when Templeton Mortgage Company was deprived of due process by not receiving the proper 45 day notice of the hearing on default judgment?

## STATEMENT OF FACTS

Michael Middleton ("Middleton") sued Templeton Mortgage Company ("TMC") for reasons unrelated to this appeal. TMC appeared in the proceedings. Gary M. Poenisch ("Poenisch") intervened and asserted claims against TMC. TMC found itself without an attorney, and on August 18, 2014 the trial court gave TMC a certain amount of days to find an attorney.  TMC did not find an attorney to represent the company. Poenisch filed a Motion to Enter Default Judgment and Request for Severance.

A hearing on the Motion for Default Judgment and Request for Severance was scheduled for October 15, 2014. (Order Setting Hearing).  The Honorable Bill Palmer signed the Order Setting Hearing on October 10, 2014. (Order Setting Hearing).  The Certificate of Service, however, was dated October 9, 2014. (Order Setting Hearing).

Prior to the hearing on the default judgment, TMC's pleadings were not struck. There is no previous order striking the pleadings filed in this matter.  At the October 15 hearing, the court struck TMC's pleadings because TMC did not find an attorney to represent the company. (Default Judgment Order, p. 1).  The court struck TMC's pleadings even though TMC appeared through an attorney at earlier proceedings. (Default Judgment Order, p. 1).

After striking TMC's prior pleadings, the court entered default judgment in favor of Poenisch (Default Judgment Order p. 1). Specifically, the court ruled the deeds held by TMC were null and void, and TMC never owned the real property, which was the subject of the suit. (*Id.* at p. 1–2). The court also awarded Poenisch attorney fees against TMC. (*Id.* at p. 2).

## SUMMARY OF THE ARGUMENT

The trial court abused its discretion by granting default judgment in favor of Poenisch because TMC was deprived of due process when TMC was not properly noticed of the hearing on default judgment. TMC should have received notice of the hearing at least 45 days in advance because it was a dispositive hearing. Without proper notice, the hearing was a violation of due process and, as such, was void. Because the hearing was void, the court abused its discretion by striking TMC's pleadings and granting default judgment in favor of Poenisch.

Further, the Certificate of Service and the Order Setting Hearing were facially invalid and did not comply with TEX. R. CIV. P. 21(d). The Order Setting Hearing was signed on October 10, 2014, but the Certificate of Service was sent on October 9, 2014. Even if the incorrect date was a minor clerical error, the 45 day requirement was not met.

Thus, the Default Judgment Order was improper and this Court should reverse the judgment of the trial court.

<u>**ARGUMENT AND AUTHORITIES**</u>

**I. This Court should reverse the decision of the 216th District Court of Kendall County because it abused its discretion by granting default judgment against Templeton Mortgage Company since it was deprived of due process.**

**A. Standard of review is abuse of discretion.**

A default judgment should be set aside and a new trial granted if the defendant can show (1) its failure to answer before judgment was not intentional or the result of conscious indifference, but due to mistake or accident; (2) the defendant has a meritorious defense; and (3) the granting of a new trial will not cause delay or otherwise cause injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). However, where a defendant has previously appeared, and does not receive proper notice of a trial, the defendant is denied its due process rights of the Fourteenth Amendment and default judgment is improper. *Mabon Ltd. v. Afri-Carib Enterprises, Inc.,* 369 S.W.3d 809, 813 (Tex. 2012). Further, where notice is not received, the defendant is not required to show a meritorious defense. *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988). A requirement to show a meritorious defense violates the defendant's right to due process of law. *Peralta v. Heights Med. Ctr. Inc.,* 485 U.S. 80, 84 (1988). Also, the lack of notice renders a showing of accident or mistake on the part of the defendant unnecessary. *See Mabon*, 369 S.W.3d at 813. Thus, a judgment entered without notice to the defendant is constitutionally infirm. *Id.*

**B. TMC's right to due process was violated because it did not receive 45 days notice of the default judgment hearing, as such, the hearing was void and default judgment was improper.**

Since TMC did not receive the required 45 days notice of the default judgment hearing, TMC's right to due process was violated, so the proceedings of the hearing are void and default judgment was not appropriate.

A trial setting is any trial or hearing that is dispositive of the case. *LBL Oil Co. v. Int'l Power Services, Inc.,* 777 S.W.2d 390, 391 (Tex. 1989); *In re $475,001.16*, 96 S.W.3d 625, 627–628 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Default judgment hearings are trial settings because they are dispositive of the case, in that the claims are fully and finally decided in favor of one party or the other. *See Bradford v. Bradford*, 971 S.W.2d 595, 597 (Tex. App.—Dallas 1998, no pet.) (citing *LBL Oil,* 777 S.W.2d at 391); *Coastal Banc SSB v. Helle*, 48 S.W.3d 796, 801 (Tex. App.—Corpus Christi 2001, pet. denied). If a party has previously appeared in trial proceedings, that party is entitled to notice of the trial setting as a matter of due process. *Delgado v. Hernandez*, 951 S.W.2d 91, 99 (Tex. App.—Corpus Christi 1997, no writ). Failure to give notice of a trial setting deprives the defendant of the opportunity to be present at the hearing, voice objections, and argue his position to the judge. *Id.*; *Coastal Banc*, 48 S.W.3d at 801. Depriving a party of the opportunity to present their case at trial is a deprivation of fundamental requirements of due process. *Armstrong v. Manzo*, 380

4

U.S. 545, 550 (1965); *see also Mullane v.Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

In Texas, notice of trial settings and hearings are governed by TEX. R. CIV. P. 245, which states a defendant must be given at least 45 days notice of a setting for trial. Under TEX. R. CIV. P. 21(b), however, notice of a hearing must be served upon all parties at least three days before the date of the hearing. Although these rules seemingly conflict, Rule 21 does not apply to trial settings. *Perkins v. City of San Antonio*, 293 S.W.3d 650, 654 (Tex. App.—San Antonio 2009, no pet.) (citing *Fishing Publications, Inc. v. Williams*, 661 S.W.2d 323, 325 (Tex. App.—Corpus Christi 1982, no writ)). When a party has previously appeared an "[e]ntry of a post-answer default judgment against a defendant who did not receive notice of the trial setting or dispositive hearing constitutes a denial of due process under the Fourteenth Amendment of the United States Constitution." *Mabon Ltd. v. Afri-Carib Enterprises, Inc.*, 369 S.W.3d 809, 813 (Tex. 2012) (citing *LBL Oil,* 777 S.W.2d at 390–91).

Here, the default judgment hearing was a trial setting because default judgments are dispositive of the case. Templeton had previously appeared in the action and answered the original proceeding against Middleton. *Default Judgment Order* p. 1. Poenisch intervened and filed a Motion to Enter Default Judgment, which the trial judge signed on October 10, 2014. *Order Setting Hearing* p. 1.  The

hearing on default judgment was set for October 15, 2014. *Id.* The Order Setting Hearing was served on TMC on October 9, 2014. *Certificate of Service.* Prior to the October 15, 2014 hearing, TMC's pleadings were never struck.

As a trial setting, TEX. R. CIV. P. 245 requires 45 day notice be given rather than 3 days notice. To meet this requirement TMC should have received notice of the hearing by August 31, 2014 at the latest. TMC received the notice on October 9, 2014, just seven days before the hearing on default judgment. This notice violated TEX. R. CIV. P. 245, and the violation deprived TMC of its right to due process because TMC did not have the opportunity to be present at the hearing, to voice its objections, and to present its case before the court. While TMC did not retain an attorney, this is not grounds to deprive TMC of due process.

The actions of the trial court were a clear abuse of discretion because TMC was not properly noticed and was deprived of due process. As such, the October 15 hearing was void, and all actions and rulings made during the hearing are also void. This abuse of discretion constitutes reversible error.

### i. TMC did not receive the required 45 days notice for trial settings, so the hearing and all actions during the hearing are void.

TMC's right to due process was violated when TMC did not receive 45 days notice of the default judgment hearing. Hence, the hearing was void, and all actions and decisions the trail court made at the hearing constitute an abuse of discretion.

The trial court's main action at the hearing was to strike all TMC's previous pleadings. *Trial Transcript* p. 4 lines 20–23. Prior to the default judgment hearing, TMC's pleadings had never been struck. The only way the trial court could grant a default judgment was to strike TMC's pleadings. Since the default judgment hearing was void, striking TMC's pleadings was wrong, and thus default judgment was not appropriate. The default judgment resulted in an incorrect ruling against TMC. The default judgment wrongly granted relief to Poenisch, declared TMC's Substitute Trustee's Deed and the Deed of Trust invalid, and allowed Poenisch to recover attorney fees from TMC. *Default Judgment Order* p. 1.

The default judgment hearing, without proper notice, deprived TMC of due process. Thus, the hearing was void. Because the hearing was void, TMC's pleadings should not have been struck. As result, default judgment was improper. This Court should reverse the default judgment because the trial court abused its discretion when it violated TMC's right to due process.

### C. The notice served on TMC was defective and thus, the default judgment hearing was void.

The certificate of service did not comply with TEX. R. CIV. P. 21(d) because the date of service was incorrect.

*Texas Rule of Civil Procedure* 21(d) governs the certificate of service required on all motions, pleadings, and applications to the court. TEX. R. CIV. P. 21(d). Under Rule 21(d) the "party or attorney of record, must certify to the court

7

compliance with this rule in writing over signature on the filed pleading plea, motion, or application." *Id.*

Here, the Certificate of Service sent by Poenisch's counsel was facially invalid because the corresponding dates from the Order Setting Hearing and the Certificate of Service are incompatible. The trial judge signed the Order Setting Hearing on October 10, 2014. The Certificate of Service, however, was sent on October 9, 2014. The Certificate of Service states that it accompanies "a true and correct copy" of the Order Setting Hearing. The trial judge could not have signed the Order Setting Hearing after the Certificate of Service was sent. So the Certificate of Service is either not true or not correct. Even if the incorrect date was a minor clerical error, the notice still violated TMC's due process because the notice did not meet the 45 day requirement.

Thus, the Certificate of Service and Order Setting Hearing were facially invalid. As such, notice to TMC was invalid because the 45 day requirement was not met, as such the October 15 hearing was void and default judgment was improper.

## CONCLUSION AND PRAYER

TMC did not receive the proper 45 day notice of the default judgment hearing required by TEX. R. CIV. P. 245. The failure to comply with this requirement resulted in the deprivation of TMC's right to due process. As such, the hearing was

void and all actions, findings, and rulings of the trial court are null and void. Thus, the trial court abused its discretion when it wrongfully struck TMC's prior pleadings, and improperly granted default judgment to Poenisch.

WHEREFORE, PREMISES CONSIDERED TMC respectfully requests that this Court reverse the judgment of the trial court, and grant all other relief to which TMC is justly entitled both at law and equity.

Respectfully Submitted,

LAW OFFICE OF KEITH C. THOMPSON, P.C.

11003 Quaker Avenue
Lubbock, Texas 79424
Telephone: (806) 783-8322
Facsimile: (806) 783-8357
Email: kct@kctlaw.us

By:   /s/ Keith C. Thompson
Keith C. Thompson
SBN: 24013631
ATTORNEY FOR APPELLANT/DEFENDANT

## CERTIFICATE OF SERVICE

I, Keith C. Thompson, Attorney for Appellant herein, do certify that on the 21st day of May 2015, I mailed by Electronic Mail a true and correct copy of Appellant's Brief to:

Gary M. Poenisch
Gary M. Poenisch, P.L.L.C.
206 E. Locust Street, Suite 218
San Antonio, Texas 78212
Telephone: (210) 212-6700
Telecopier: (210) 212-2178

I further certify that on the 21st day of May 2015 I mailed by Electronic Mail, an original and five true and correct copies of Appellant's Brief for filing to:

Fourth Court of Appeals of Texas
Cadena-Reeves Justice Center
300 Dolorosa, Suite 3200
San Antonio, Texas 78205-3037

## CERTIFICATE OF COMPLIANCE

This document complies with the word-count limitations of TEX. R. APP. P. 9.4(i) because it contains 2,074 words, excluding the parts exempted by TEX. R. APP. P. 9.4(i)(1).

By: /s/ Keith C. Thompson
KEITH C. THOMPSON

## APPENDICES

Default Judgment Order ...................................................................................1

Trial Transcript .................................................................................................2

Order Setting Hearing and Certificate of Service.......................................3

# TAMI L. WOLFF

Court Reporter
Kendall County Courthouse
201 E. San Antonio, Suite 212
Boerne, Texas 78006
(830) 331-8286
tami.wolff@co.kendall.tx.us

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
05/21/2015 3:30:40 PM
KEITH E. HOTTLE
Clerk

DATE: JANUARY 13, 2015                    INVOICE NO. 003-15

TO:     TEMPLETON MORTGAGE CORPORATION
        5109 82ND STREET, SUITE 7121
        LUBBOCK, TEXAS  70424
        PHONE: (806) 745-9965


RE:     CAUSE NO. 10-422
        MICHAEL MIDDLETON              IN THE COUNTY COURT
        VS.                                      AT LAW
        TEMPLETON MORTGAGE CO.     KENDALL COUNTY, TEXAS


ORIGINAL & ONE COPY OF THE REPORTER'S RECORD:

        DATE TAKEN:  10-15-14


        TRANSCRIPT:                                $75.00


TOTAL COST:                                        $75.00

AMOUNT PAID:                                     - $75.00


AMOUNT DUE:                                        $00

NO. 10-422

MICHAEL C. MIDDLETON ) IN THE DISTRICT COURT
)
)
)
VS. ) 216TH JUDICIAL DISTRICT
)
)
TEMPLETON MORTGAGE )
CORPORATION, JERRY W. )
CORBIN, TRUSTEE, B.D. )
ADKINS, TRUSTEE, PATTY )
CORBIN, TRUSTEE, AND ENOS )
HAMPTON INDEPENDENT EXECUTOR )
OF THE ESTATE OF BETTY G. )
ROBINSON ) KENDALL COUNTY, TEXAS

--------------------------------------------------------

REPORTER'S RECORD

--------------------------------------------------------


On the 15th day of October 2014, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Bill Palmer, Judge presiding, held in Boerne, Kendall County, Texas.

Proceedings reported by machine stenographic method.

COPY

A P P E A R A N C E S:

MR. KENNETH E. GRUBBS
Attorney at Law
4241 Woodcock, Suite C-120
San Antonio, Texas  78228
Phone:  (210) 490-1292
ATTORNEY FOR THE PLAINTIFF


- AND -


MR. STEVEN B. TREU
LANGLEY & BANACK
Attorneys at Law
745 E. Mulberry, Suite 900
San Antonio, Texas  78212
Phone:  (210) 736-6600
ATTORNEY FOR THE DEFENDANTS

PROCEEDINGS

THE COURT: Okay. The Templeton case. Tell me what we're doing today. I remember before that Templeton was out without an attorney. And were they here last time? Was there somebody with Templeton?

MR. TREU: Well, the law firm of Law, Snackard & Gamble was here for the withdrawal.

THE COURT: Okay. And then we gave them notice to get --

MR. TREU: Yes, sir.

THE COURT: -- an attorney within "X" number of days and they failed to --

MR. TREU: Here is a copy of the order. It was the 26th that you gave them, and there has not been an appearance.

THE COURT: Okay. And who are you?

MR. GRUBBS: I'm Ken Grubbs on behalf of the Plaintiff. Essentially, Steve and I are doing the same thing today, Your Honor.

THE COURT: Okay.

MR. GRUBBS: We filed a motion for default judgment based on -- I wasn't aware -- we were supposed to have an associate here when Steve was

doing what he did the last time we were in court. And apparently, my associate may have misinformed me about his presence here in the court. So, I wasn't aware that the answer had been struck and that they had been given a --

THE COURT: Okay.

MR. GRUBBS: -- number of days to get counsel and respond.

THE COURT: Yes, sir.

MR. GRUBBS: And based on that fact, we filed and served on everybody involved, including Steve, our own motion for default judgment. Effectively, the motions are the same thing. They're just for the different parties and they have different claims for --

THE COURT: Well, I gave them the right within "X" number of days to get an attorney, which is what the case law says on this. And then --

MR. GRUBBS: Right.

THE COURT: -- as a result, since they haven't gotten an attorney as of this date, then I'll strike their answer, which lets both of you go forward with a default.

MR. TREU: I'm asking for a severance, Your Honor. There was some other issues still left --

THE COURT: What else should be left after -- do you have a default order?

MR. GRUBBS: I do, Your Honor, against Templeton. The estate is left -- as of today, I haven't checked whether they have a counter-claim or not. And so, I'm not asking for a severance because I -- I assume that once the estate realizes we don't care anymore about the remainder of the case, hopefully we'll agree to do mutual nonsuits and walk away from -- from there. And they've been given notice of the hearing this morning as well, Judge.

THE COURT: I know. I've got correspondence from them.

MR. GRUBBS: So -- and so, that's effectively where we're at. I have an affidavit for my legal fees and I think Steve has got one as well.

MR. TREU: Mine is on file as well.

THE COURT: Okay. Do you have your order?

MR. GRUBBS: I have my own default. Your Honor, I did -- I was looking at Steve's order and realized that I left something out on the legal fees relating to new trial and appeal, and so I handwrote it at the bottom here, Judge. So, there is some of my chicken scratch here.

THE COURT: I don't see that happening, but do whatever you want. If you can't get an attorney for this, I don't see you going much further. Do they have any money? Is there any money in this?

MR. TREU: The biggest thing is get the property back, but --

THE COURT: Oh, that's right.

MR. TREU: That's our issue; clear the title.

MR. GRUBBS: That's right. And that's what ours states as well, Judge. We have our default there as well, Judge. And I've read Steve's order and I have no objection to it as written.

THE COURT: Okay. Order of severance.

MR. GRUBBS: That's the default, Your Honor.

THE COURT: Okay. Take this across the hall and get you copies of what you need. Okay.

MR. GRUBBS: Thank you, Judge.

THE COURT: See y'all later.

MR. TREU: Thank you, Judge.

THE STATE OF TEXAS   *

COUNTY OF KENDALL    *

I, TAMI L. WOLFF, Certified Shorthand Reporter in and for the State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing or orally by counsel for the parties to be included in this volume of the reporter's record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this reporter's record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost of the preparation of this reporter's record is $ _75.00_ and was paid/will be paid by _Templeton Mortgage_.

WITNESS MY OFFICIAL HAND on this, the _13th_ day of _January_ , 2015.

TAMI L. WOLFF
Texas CSR 5833
Expiration: 12/31/15
Kendall County Courthouse
201 E. San Antonio, Suite 212
Boerne, Texas  78006
(830) 331-8286

CAUSE NO. 10-422

| | | |
|---|---|---|
| MICHAEL MIDDLETON | § | IN THE DISTRICT COURT |
| | § | |
| V | § | 216TH JUDICIAL DISTRICT |
| | § | |
| TEMPLETON MORTGAGE | § | |
| CORPORATION, JERRY W. CORBIN, | § | |
| TRUSTEE, B.D. ADKINS, TRUSTEE, | § | |
| PATTY CORBIN, TRUSTEE, AND | § | |
| ENOS HAMPTON, INDEPENDENT | § | |
| EXECUTOR OF THE ESTATE OF | § | |
| BETTY G. ROBINSON | § | KENDALL COUNTY, TEXAS |

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

05/21/2015 3:30:40 PM

KEITH E. HOTTLE
Clerk

ORDER SETTING HEARING

Hearing on Intervenor, Gary M. Poenisch's Motion to Enter Default Judgment and Request for Severance is set for the 15th day of October, 2014 at 9:00 a.m. in the 216th Judicial District Court of Kendall County, Texas.

Signed this /○ day of October, 2014.

JUDGE BILL PALMER

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2014, a true and correct copy of the foregoing document was forwarded via certified mail, return receipt requested to:

Templeton Mortgage Corporation
5109 82nd Street, Suite 7121
Lubbock, Texas 79424

Albert D. "Pat" Pattillo, III
Pattillo, Richard & Harpold, P.C.
280 Thompson Dr., Suite B
Kerrville, Texas 78028
830-896-8489

Jerry W. Corbin
Jerry W. Corbin, P.C.
6923 Indiana Ave., Suite 106
Lubbock, Texas 79413
806-748-7451

Steven B. Treu
210-735-6889

Kenneth E. Grubbs
4241 Woodcock Drive, Suite C120
San Antonio, Texas 78228-1330
210-449-4587

STEVEN B. TREU

FILED 14 OCT 10 AM 11:54
KENDALL COUNTY, TEXAS
DISTRICT CLERK
BY _____ DEPUTY

L. & B 16586/0003/L0905100.WPD/

Page 1

| | | |
|---|---|---|
| MICHAEL MIDDLETON | § | IN THE DISTRICT COURT |
| | § | |
| V | § | 216TH JUDICIAL DISTRICT |
| | § | |
| TEMPLETON MORTGAGE | § | |
| CORPORATION, JERRY W. CORBIN, | § | |
| TRUSTEE, B.D. ADKINS, TRUSTEE, | § | |
| PATTY CORBIN, TRUSTEE, AND | § | |
| ENOS HAMPTON, INDEPENDENT | § | |
| EXECUTOR OF THE ESTATE OF | § | |
| BETTY G. ROBINSON | § | KENDALL COUNTY, TEXAS |

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
05/21/2015 3:30:40 PM
KEITH E. HOTTLE
Clerk

## DEFAULT JUDGMENT

On the below date, came on to be heard Intervenor Gary M. Poenisch's ("Intervenor") claims filed against Templeton Mortgage Corporation ("Templeton") in the above-entitled and numbered cause. Intervenor appeared by and through his attorney of record and announced ready. Templeton although having earlier appeared in this action through an attorney, failed to comply with this Court's Order dated August 18, 2014 and consequently its pleadings were struck in this cause. Therefore a default entry in favor of Intervenor and against Templeton is appropriate. The Court is of the opinion that the allegations of Intervenor's Petition in Intervention against Templeton are true, that a declaration (as allowed under Chapter 37 of the Texas Civil Practice & Remedies Code) that the Substitute Trustee's Deed and Deed of Trust, both made subject of this proceeding, are invalid is appropriate, and that Intervenor should recover a reasonable attorney's fee and conditional reasonable attorney's fees, all of which the Court finds necessary. It is, therefore,

ORDERED, ADJUDGED AND DECREED that the Substitute Trustee's Deed dated December 7, 2010 and recorded in the official records of Kendall County, Texas, at Volume 1240 and Pages 612-615 in the Kendall County, Texas real property records, as document number 00253701, and the Deed of Trust dated As Of January 1, 2009 and recorded in the official records of Kendall County, Texas at Volume 1159 and Pages 999-1005 in the Kendall County, Texas real property records, as document number 00239517, are both hereby declared null and void and of no force or effect whatsoever. It is further

ORDERED, ADJUDGED AND DECREED that Templeton Mortgage Corporation never owned or had valid title to the real property described as:

> BEING 33.906 acres, more or less, tract of land, being approximately 2.892 acres out of the E. Schilling Survey No. 341, Abstract No. 829 and approximately 31.014 acres out of the Louis Shotwell Survey No. 26, Abstract No. 457, Kendall County, Texas, located about 14.3 miles North 43 degrees West of the county seat in Boerne, Kendall County, Texas, being the northwestern portion of a tract as described in Deed recorded in Volume 205, Page 721, Kendall County Deed Records and being more fully described as follows:
>
> BEGINNING at an existing iron pin in a fence for the southwest corner of this tract, said pin being South 321.2 feet from the northwest corner of the E. Schilling Survey No. 341;
>
> THENCE, N 88° 57' 22" E 305.33' to an existing iron pin for corner;
>
> THENCE, N 28° 50' 35" E 2,991.28' to an existing iron pin in a fence on a southwest line of the Holiday Road;
>
> THENCE, with the said line of Holiday Road, N 42° 47' 50" W 66.85' to an existing iron pin for corner;
>
> THENCE, S 43° 48' 00" W 1,527.70' and S 89° 32' 45" W 640.89' to an existing iron pin in a fence for corner;
>
> THENCE, with fence S 00° 13' 35" W 1,373.44' and S 00° 14' 00" E 193.66' to the place of beginning and containing 33.906 acres of land, more or less.

It is further,

ORDERED, ADJUDGED AND DECREED that Intervenor, Gary M. Poenisch, recover from Templeton Mortgage Corporation as reasonable and necessary attorney's fees and expenses, which attorney's fees and expenses are hereby made part of this judgment, the sum of $6,515.00 with postjudgment interest on such amount accruing at the rate of 5% per annum, together with all costs of court in this behalf expended.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Intervenor, have and recover of and from Templeton the sum of $2,400.00 as attorney's fees if Templeton files a motion for new trial, bill of review or motion to vacate or otherwise change or modify judgment which is denied or overruled, further the sum of $12,000.00 as attorney's fees if this Judgment is unsuccessfully appealed to the Fourth Court of Appeals by Templeton, further the sum of $10,000.00 as attorney's fees if petition for review is filed with the Texas Supreme Court, further the sum of $20,000.00 if such petition is briefed on the merits before the

Texas Supreme Court, further the sum of $20,000.00 if oral argument is completed in the Texas Supreme Court; all such attorney's fees are hereby made part of this judgment.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the claims of Intervenor against Templeton and the disposition of same as set forth in this judgment shall be and are hereby severed from Cause No. 10-422 into a separate action, such that this judgment may and shall become final notwithstanding the continued pendency of Cause No. _10-422 A_, and the clerk of the Court is hereby directed to docket and record this judgment under Cause No. _10-422 A_

Intervenor is allowed such writs and processes as may be necessary in the enforcement and collection of this Judgment. All costs of court are adjudged against Templeton.

This judgment is intended to be a final entry of default resolving all issues raised in this cause by Intervenor against Templeton from which appeal may be filed. In that regard, all other relief expressly requested in this cause, by Intervenor against Templeton that is not expressly disposed of above is hereby in all things denied.

SIGNED this 15th day of October, 2014.

_____
JUDGE PRESIDING

SUBMITTED BY:

LANGLEY & BANACK, INC.
745 E. Trinity, Suite 900
San Antonio, Texas 78212-3166
(210) 736-6600 Telephone
(210) 735-6889 Telecopier
streu@langleybanack.com

By:_____
STEVEN B. TREU
State Bar No. 20209600
ATTORNEYS FOR PLAINTIFF

FILED 14 OCT 15 AM 9:15 KENDALL CO. CLERK KENDALL COUNTY, TEXAS BY: ___ DEPUTY

CAUSE NO. 10-422

| | | |
|---|---|---|
| MICHAEL MIDDLETON | § | IN THE DISTRICT COURT |
| | § | |
| V | § | 216TH JUDICIAL DISTRICT |

MICHAEL MIDDLETON                    §          IN THE DISTRICT COURT
                                     §
V                                    §          216TH JUDICIAL DISTRICT
                                     §
TEMPLETON MORTGAGE                   §
CORPORATION, JERRY W. CORBIN,        §
TRUSTEE, B.D. ADKINS, TRUSTEE,       §
PATTY CORBIN, TRUSTEE, AND           §
ENOS HAMPTON, INDEPENDENT            §
EXECUTOR OF THE ESTATE OF            §
BETTY G. ROBINSON                    §          KENDALL COUNTY, TEXAS

## CERTIFICATE OF LAST KNOWN ADDRESS

TO THE CLERK OF SAID COURT:

Gary M. Poenisch, Intervenor in the above-entitled and numbered cause, certified to the Clerk of said

Court that the last known mailing address of Templeton Mortgage Corporation, Defendant in the above-

entitled and numbered cause against whom a default judgment will be rendered, is as follows:

Templeton Mortgage Corporation
5109 82nd Street, Suite 7121
Lubbock, Texas 79424

Respectfully submitted,

LANGLEY & BANACK, INC.
745 East Mulberry, Suite 900
San Antonio, Texas 78212-3166
(210) 736-6600 Telephone
(210) 735-6889 Telecopier
streu@langleybanack.com

By: _____
STEVEN B. TREU
State Bar No. 20209600
ATTORNEYS FOR INTERVENOR

FILED
14 OCT 15 AM 9: 17
KAY R. PUELL DISTRICT CLERK
KENDALL COUNTY, TEXAS
BY: _____ DEPUTY

L & B 16586/0003/L0904645.WPD/                                    Page 4