NUMBER 13-04-321-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

                                                                                                                     


 

NATHIAON ELDON DUMAS,                                                        Appellant,

 

                                                             v.                                

 

TDCJ-CID,                                                                              Appellee.

                                                                                                                                      


         On
appeal from the 343rd District Court of Bee County, Texas.

                                                        
                                                             

 

                               MEMORANDUM
OPINION

 

                          Before
Justices Yañez, Castillo, and Garza 

                            Memorandum Opinion
by Justice Garza           








Appellant, Nathiaon Eldon Dumas, an inmate in the
Texas Department of Criminal JusticeBInstitutional Divison, proceeding pro se and in
forma pauperis, filed suit against appellee for damages he allegedly
sustained.  Appellee moved to dismiss,
arguing that appellant=s suit failed to comply with Texas Civil Practice
and Remedies Code sections 14.004, 14.005, and 14.006.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 14.004, 14.005, 14.006 (Vernon 2002).  The trial court dismissed appellant=s suit as frivolous pursuant to chapter fourteen of
the civil practice and remedies code.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.003 (Vernon 2002).  On appeal, appellant contends that the trial
court erred in dismissing his suit because (1) chapter fourteen of the civil
practice and remedies code does not apply to an appeal of administrative
proceedings, (2) federal habeas petitions are not suits as defined by section
14.002(a), and (3) appellant complied with sections 14.005(a)(1) and (2) and
14.006(f).  We affirm the decision of the
trial court.  

We review a trial court's dismissal of an inmate's
lawsuit in forma pauperis under an abuse of
discretion standard.  Thomas v. Knight,
52 S.W.3d 292, 294 (Tex. App.BCorpus Christi 2001, pet. denied).  A court abuses its discretion if it acts
without reference to guiding rules or principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985); Knight, 52 S.W.3d at 294-95.  Where the trial court has not specified the
grounds for dismissal in its order, the order will be affirmed if any of the
theories advanced in the motion to dismiss supports the dismissal.  Walker v. Gonzales County Sherrif=s Dep=t., 35
S.W.3d 157, 162 (Tex. App.BCorpus Christi 2000, pet. denied); Roberts v.
Padre Island Brewing Co., Inc., 28 S.W.3d 618, 620 (Tex. App.BCorpus Christi 2000, pet. denied).  








Appellant=s first issue contends that chapter fourteen does
not apply to him because it only applies to lawsuits and not to an appeal of an
administrative proceeding.  We
disagree.  See Warner v. Glass,
135 S.W.3d 681, 683 (Tex. 2004) (applying chapter fourteen to appellant
prisoner=s suit pursuant to adverse administrative
proceeding).  Chapter fourteen of the
civil practice and remedies code governs suits brought by an inmate in which
the inmate has filed an affidavit or unsworn declaration of inability to pay costs.  Tex.
Civ. Prac. & Rem Code Ann. ' 14.002 (Vernon 2002).  It is undisputed that appellant is an inmate,
and that he was proceeding pro se and in forma pauperis; therefore, he
is subject to the provisions of chapter fourteen of the civil practice and remedies
code.             

Appellee argued in its motion to dismiss that
appellant failed to comply with section 14.005 and that this failure made it
impossible to determine whether he timely filed his lawsuit.  Tex.
Civ. Prac. & Rem Code Ann. ' 14.005 (Vernon 2002).  Compliance with section 14.005 of the civil
practice and remedies code is a prerequisite to judicial review of inmate
claims.  Retzlaff v. Tex. Dep't of
Criminal Justice, 94 S.W.3d 650, 652 (Tex. App.BHouston [14th Dist.] 2002, pet. denied); see also
Tex. Civ. Prac. Rem. Code Ann. ' 14.005. 
Section 14.005 provides a procedural mechanism by which a trial court
can ensure that an inmate proceeding in forma pauperis has complied with
the grievance process before filing a claim in state court.  Smith v. Tex. Dep't of Criminal Justice‑Inst.
Div., 33 S.W.3d 338, 341 (Tex. App.BTexarkana 2000, pet. denied).  Section 14.005(b) states that "[a] court
shall dismiss a claim if the inmate fails to file the claim before the 31st day
after the date the inmate receives the written decision from the grievance
system."  Tex. Civ. Prac. & Rem. Code Ann. ' 14.005(b).  A
suit that is not timely filed pursuant to section 14.005(b) is barred and may
be dismissed with prejudice.  Moreland
v. Johnson, 95 S.W.3d 392, 395 (Tex. App.BHouston
[1st Dist.] 2002, no pet.).








The record reflects that appellant=s grievance was denied on April 8, 2003; however, in
his affidavit, appellant states that he received notification of the decision
on April 18, 2003.  This contention is
undisputed.[1]  Appellant was required to file his petition
in the trial court 31 days later, or by May 19, 2003.  The record reflects that appellant=s petition was filed on June 3, 2003, forty-six days
after receiving notification of the decision. 
Consequently, the suit was not timely filed.[2]  The trial court therefore properly dismissed
it.  We overrule appellant=s issue and do not address his remaining
issues.  See Tex. R. App. P. 47.1

The judgment of the trial court is affirmed.                         

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 28th day of July, 2005.











[1] Because it is undisputed that appellant received notice of the decision
on April 18, 2003, we will calculate the 31 days as of that date. 





[2]
Ordinarily, because he is a
pro se inmate, appellant would be entitled to have his pleading deemed filed as
of the date he placed the pleading in the custody of prison authorities for
mailing.  See v. Glass, 135 S.W.3d
681, 684 (Tex. 2004).  However, there is
no evidence in the record to allow us to determine when appellant first
tendered his petition to prison authorities for mailing or by what means
appellant delivered his petition to the district clerk.  As such we cannot determine from the record
whether by virtue of the mailbox rule or the rule in Warner, the
documents would be deemed filed at an earlier date.  Id.; see Coastal Banc SSB v. Helle, 988
S.W.2d 214, 216 (Tex. 1999) (explaining that when a dispute arises as to the
filing date of a document, the date the instrument is tendered to the clerk
controls, even over the file-stamp mark on the document).