**Opinion issued June 18, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00978-CV

———————————

**DAVID W. PERRY, Appellant**

**V.**

**CAM XV TRUST, Appellee**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-61171**

---

## CONCURRING AND DISSENTING OPINION

I concur with the majority's analysis in all respects except as to whether res judicata bars Perry from asserting as an affirmative defense that the loan is invalid because it violates article XVI, section 50(a)(6) of the Texas Constitution. Because res judicata does not bar the assertion of this defense, I respectfully dissent.

In *McKeehan v. Wilmington Savings Fund Society*, 554 S.W.3d 692 (Tex. App.—Houston [1st Dist.] 2018, no pet.), we refused to apply res judicata to an unadjudicated foreclosure defense. In *McKeehan*, the lender sought judicial foreclosure. *Id.* at 694, 696. Before the lender sued for judicial foreclosure, the McKeehans had filed an independent suit asserting that the loan agreement violated the Texas Constitution. *Id.* at 696. The McKeehans' prior suit had been dismissed as time-barred. *Id.* In the lender's subsequent judicial foreclosure suit, the McKeehans alleged that they had not defaulted on the loan because they had made payments pursuant to the terms of a forbearance agreement. *Id.* at 700. The lender, in turn, argued that res judicata barred their defense because the McKeehans failed to assert it in their earlier lawsuit. *Id.* We disagreed with the lender because the lender was "not relying on the doctrine of res judicata as an affirmative defense" but rather "using the doctrine as a weapon to prevent the McKeehans from asserting their own defense of payment" to the lender's foreclosure claim. *Id.* at 701. In rejecting the applicability of res judicata, we noted that the lender "cited no authority, and we have found none, for using the doctrine of res judicata in this manner." *Id.*

Perry's affirmative defense, which asserts that the Trust is not entitled to payment, is analogous to the McKeehans' defense of payment. Perry's affirmative defense was neither raised nor adjudicated in the DTPA suit that he previously filed and thus is not barred by res judicata. *See id.* at 700–01. This scenario presents a

complementary aspect of *Steptoe v. JP Morgan Chase Bank*, 464 S.W.3d 429 (Tex. App.—Houston [1st Dist.] 2015, no pet.), in which we held that a lender is not required to counterclaim for foreclosure in a suit filed by the debtor or else forfeit the right to foreclose under principles of res judicata. *Id.* at 434. Just as the Trust was not obliged to assert its foreclosure claim in Perry's previous suit, Perry was not obliged to assert or lose his defenses to a foreclosure claim that the Trust declined to assert in the previous suit. *See McKeehan*, 554 S.W.3d at 701 (recognizing that under *Steptoe* lender was not required to counterclaim for foreclosure or lose its right to do so and holding that debtor likewise was not required to assert defenses to lender's unasserted foreclosure claim or lose them).

The majority tries to distinguish *McKeehan* on the basis that when Perry filed suit "against the Trust asserting a claim under the DTPA, he could have also litigated his constitutional claim." In contrast, the majority says, "the McKeehans asserted their constitutional claim before the lender's assertion of its foreclosure claim" and thus "the McKeehans' first opportunity to raise their defense of payment to reduce their indebtedness did not arise until the lender sued them for foreclosure." Until then, the majority reasons, the defense wasn't ripe.

The majority's characterization of *McKeehan* is not accurate. The lender in *McKeehan* already had sought non-judicial foreclosure before the McKeehans filed suit asserting constitutional violations. *See* 554 S.W.3d at 695–96. Indeed, the lender

3

had tried to foreclose twice before the McKeehans filed suit; the McKeehans filed suit to halt the second foreclosure attempt. *See id.*; *see also* TEX. R. CIV. P. 736.11(a), (c) (non-judicial foreclosure automatically stayed and subject to dismissal if debtor files independent suit putting at issue any matter related to enforcement of loan). Prior to its second foreclosure attempt, the lender had sent the McKeehans notices of default and acceleration, identifying the total debt that it claimed the McKeehans owed. *Id.* at 695. Thus, the issue of foreclosure and any defenses that the McKeehans may have had to foreclosure, including payment, were no less ripe when the McKeehans filed their suit than when Perry filed his DTPA action. *See id.* at 695–96. Nothing prevented the McKeehans from asserting in their suit that they were entitled to relief under the defensive theory of payment because they owed less than the lender claimed in the alternative to their claim that they owed nothing due to the loan agreement's unconstitutionality. *See* TEX. CIV. PRAC. & REM. CODE §§ 37.003–.004 (declaratory judgment act); *Coastal Banc SSB v. Helle*, 988 S.W.2d 214, 215 (Tex. 1999) (per curiam) (declaratory judgment action concerning amount owed under mortgage). We did not hold that res judicata did not bar the McKeehans' defense because it had not been "ripe"—a word that does not appear in our opinion in *McKeehan*—in the prior suit. We held that the McKeehans were not required to assert their defense of payment in the prior suit because the doctrine of res judicata did not apply to previously unasserted defenses to foreclosure in a judicial

4

foreclosure action. *McKeehan*, 554 S.W.3d at 701. We reasoned that the lender's decision not to file a foreclosure counterclaim in the McKeehans' prior suit should not and did not prevent the McKeehans from defending themselves when the lender sought judicial foreclosure after the McKeehans' independent lawsuit was dismissed. *Id.*

This case is materially like *McKeehan*. After giving notice of default and acceleration, the Trust, or a predecessor in interest, filed an application for non-judicial foreclosure. Perry responded by filing an independent lawsuit asserting DTPA violations. Perry's suit halted the Trust's non-judicial foreclosure attempt. But the Trust successfully moved for no-evidence summary judgment on Perry's DTPA claims and his suit was dismissed. Afterward, the Trust filed a new notice of acceleration and another application for non-judicial foreclosure. Perry responded by filing a second suit to halt the foreclosure, but he ultimately dismissed that suit. Then the Trust filed the present suit seeking judicial foreclosure. Perry answered, asserting as an affirmative defense to foreclosure that the loan violated article XVI, section 50(a)(6) of the Texas Constitution. Like *McKeehan*, this lawsuit involves multiple non-judicial foreclosure attempts, litigation intended to thwart non-judicial foreclosure, and a suit for judicial foreclosure in which the debtor asserts a defense to foreclosure neither raised nor decided in the prior litigation.

When the lender argued that res judicata prevented the McKeehans from asserting their defense of payment, we observed that we could find "no authority" for "using the doctrine as a weapon to prevent" debtors from raising unadjudicated defenses to foreclosure in a judicial foreclosure action. *McKeehan*, 554 S.W.3d at 701. The majority stands this observation on its head, positing that res judicata bars Perry from asserting his unadjudicated defense to foreclosure because he used the DTPA as "a weapon." The majority does not cite any authority for using res judicata in this manner; it relies on general principles of res judicata articulated in decisions predating *McKeehan*. In doing so, the majority does not distinguish *McKeehan* so much as abandon it.

Because one panel of this court cannot overrule the decision of a different panel. *Barker CATV Constr. v. Ampro, Inc.*, 989 S.W.2d 789, 793 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.), the majority's decision sows confusion in an area of the law—home foreclosure—that requires certainty. Its decision invites litigation in future foreclosure cases as to whether the circumstances more closely resemble *McKeehan* or this case—a distinction that is unworkable because *McKeehan* is not meaningfully distinguishable from this suit.

Pragmatic concerns about delay and the need for finality, to the extent that they inform the majority's opinion, are well-founded. The majority, however, does not articulate a rule of decision that is capable of consistent application to debtors

6

across foreclosure cases. *McKeehan*, like this case, involved protracted delay. The lender in *McKeehan* first sought to foreclose in November 2011; we did not render our decision affirming a judgment in favor of the lender until April 2018, almost six and half years later. *See* 554 S.W.3d at 695–96. Before obtaining that judgment, the lender unsuccessfully had sought non-judicial foreclosure three times. *Id.* We nonetheless upheld the McKeehans' right to have their foreclosure defense heard. *Id.* at 701. The uncertainty sown by the majority as to when *McKeehan* applies, and when it does not, threatens to cause more, not less, delay in future foreclosure litigation.

  *McKeehan* is dispositive. It requires us to reverse the trial court's summary judgment and remand this cause to the trial court for adjudication of Perry's defense. I therefore respectfully dissent from the majority's contrary opinion.

        Gordon Goodman
        Justice

Panel consists of Justices Keyes, Goodman, and Hightower.

Goodman, J., concurring in part and dissenting in part.

7